OPINION
Defendant-appellant, Gary James Sheets, appeals his conviction in the Clermont County Court of Common Pleas for attempted gross sexual imposition and disseminating matter harmful to juveniles and his adjudication as a sexual predator.
On November 12, 1998, appellant was indicted on three counts of gross sexual imposition of a person under thirteen years of age, in violation of R.C. 2907.05(A)(4), a third-degree felony. The charges involved a ten-year-old boy and an eleven-year-old boy. On January 20, 1999, a second, eleven-count indictment was returned against appellant. Counts one and two charged kidnapping, in violation of R.C. 2905.01(A)(4), a first-degree felony. Counts three through eleven charged disseminating matter harmful to juveniles under the age of thirteen, in violation of R.C. 2907.31(A)(2), a fourth degree felony. The charges concerned the same boys as in the first indictment. The indictments were consolidated into a single case.
On May 5, 1999, appellant pled guilty to counts one and two of the first indictment, which were amended to attempted gross sexual imposition, a fourth degree felony, and counts three and four of the second indictment. The remaining counts were dismissed. Appellant's plea was accepted on May 7, 1999.
On June 4, 1999, a sexual predator classification and sentencing hearing was held. Appellant was declared to be a sexual predator subject to R.C. Chapter 2950. He was ordered to serve an eighteen-month term of imprisonment on each of the four charges. The sentences were to be served consecutively. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT LACKED CLEAR AND CONVINCING EVIDENCE TO CLASSIFY APPELLANT A SEXUAL PREDATOR.
 In his first assignment of error, appellant contends that the state did not present clear and convincing evidence showing that he is likely to commit future sexual offenses. Appellant claims that the trial court deviated from the factors set forth in R.C. 2950.09(B)(2) in determining whether he was a sexual predator.
In the context of a challenge to the sufficiency of the evidence,
 "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the [judgment] as a matter of law. * * * In essence, sufficiency is a test of adequacy.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 386, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When the evidence pertains to specific statutory findings which the trial court must make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. See In re William S. (1996), 75 Ohio St.3d 95, 99.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance of the evidence," it is less than evidence "beyond a reasonable doubt." State v. Danby
(1983), 11 Ohio App.3d 38, 41, citing Cross, 161 Ohio St. at 477.
We must review the record to determine whether appellee presented evidence sufficient to meet its burden of production: clear and convincing evidence that the defendant is a sexual predator. In sexual predator adjudications, this review focuses on whether evidence was presented relating to the factors listed in R.C. 2950.09(B)(2). R.C. 2950.09(B)(2) states:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
* * *
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
* * *
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 Neither party to a sexual predator adjudicatory hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so. R.C. 2950.09(B)(1).
After evidence is presented, the trial court is required to consider the above factors in making its determination. R.C.2950.09(C)(2)(b). In reviewing these factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j), the trial court may look into the defendant's past behavior. State v.Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 2, affirmed, 84 Ohio St.3d 19. The trial court is not required to find that evidence was presented to support a majority of the factors listed in R.C. 2950.09(B)(2). State v.Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v.Carroll (Apr. 19, 1999), Warren App. No. CA98-09-124, unreported, at 7, appeal dismissed, 86 Ohio St.3d 1461. Furthermore, a single conviction may support a finding that a defendant is a sexual predator in certain cases. See State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al., unreported, at 23, affirmed,84 Ohio St.3d 20.
At appellant's sexual predator hearing, the state specifically brought to the trial court's attention several of the factors listed in R.C. 2950.09(B)(2). The trial court was presented with the pre-sentence investigation report, which included appellant's statement concerning his conduct and statements by the victims' mothers describing the harm inflicted upon their sons. The state noted that appellant was significantly older than his victims, that both victims were under the age of thirteen at the time of the offense, that there were multiple victims, and that appellant's offenses were in part due to his abuse of alcohol. The state also pointed out that appellant had two previous convictions for domestic violence and one for driving while under the influence of alcohol. Appellant was alleged to have violated a position of trust, as he was a neighbor and friend of the victims' families. Appellant gained access to the boys through their friendship with his own minor son.
The mother of one of the boys gave a statement to the court. She told the court that her son had suffered severe mental and emotional trauma from appellant's conduct. He suffered from nightmares and was incapable of trusting men. He was presently in counseling, but his progress was difficult to assess due to the severity of his problems.
In rendering its judgment, the trial court referenced several of the factors listed in R.C. 2950.09(B)(2). The trial court considered the relative ages of appellant and his victims and that appellant was significantly older than his victims. Appellant had used his position as a family friend to prey upon the two boys. Appellant displayed pornographic material to one of the boys. Appellant's conduct, although he pled guilty to attempted sexual gross imposition, consisted of actual sexual contact. Appellant showed little or no remorse for his actions. He minimized his conduct and refused to admit to what actually occurred.
Appellant claims that the trial court relied upon its own personal opinions of pedophiles and disgust with appellant's conduct in rendering its decision. Although it is true that the trial court expressed revulsion towards appellant, it is clear that the trial court rendered judgment in accordance with the mandates of R.C. 2950.09(B). The finding that appellant is a sexual predator is supported by clear and convincing evidence. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY SENTENCING MR. SHEETS TO FOUR CONSECUTIVE, MAXIMUM TERMS FOR FOUR FOURTH DEGREE FELONY OFFENSES.
 In his second assignment of error, appellant contends that the trial court should have sentenced him to community control sanctions, not imprisonment. He also asserts that the trial court erred in sentencing him to serve consecutive prison sentences.
Pursuant to R.C. 2953.08(G)(1), an appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998),126 Ohio App.3d 485, 487. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
Before a trial court imposes a sentence for a felony of the fourth degree, the trial court must determine whether certain enumerated factors are present in relation to the offense. R.C.2929.13(B)(1). As relevant to the instant case, these factors include:
 (f) the offense is a sex offense that is a fourth or fifth degree felony violation of section * * * 2907.05 * * * of the Revised Code.
 Once the trial court determines that a factor listed in R.C. 2929.13(B)(1) is present, the trial court reviews the seriousness of the offense and the likelihood that the offender will commit future offenses. The trial court must then decide whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11
and whether the offender is amenable to community control sanctions. R.C. 2929.13(B)(2)(a).
When reviewing the seriousness of the offender's conduct, the trial court is guided by R.C. 2929.12(B), which lists factors for the trial court's consideration. As relevant to the instant case, these factors include:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
 (6) The offender's relationship with the victim facilitated the offense.
 Pursuant to R.C. 2929.12(B) the trial court may also consider "any other relevant factors."
The trial court found that appellant's offenses were facilitated by his position with the boys' families. Appellant was a friend and neighbor who used the victims' friendship with his son to lure them into situations whereby he could engage in the charged conduct. At least one of the boys suffered demonstrable emotional and psychological trauma, as evidenced by the counseling he is presently undergoing. The severity of the harm suffered by the boys was exacerbated by their young ages, both under thirteen years old, and the position of trust which appellant held with the boys.
When reviewing whether an offender poses a likelihood of recidivism, the trial court is guided by factors listed in R.C.2929.12(D). As relevant to the present case, these include:
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 The trial court may consider factors included in R.C. 2929.12(E) as indicating a lesser likelihood of recidivism. As relevant to the present case, these include:
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 Pursuant to both R.C. 2929.12(D) and R.C. 2929.12(E), the trial court may also consider "any other relevant factors."
In reviewing the factors demonstrating that appellant showed a greater likelihood of recidivism, the trial court was guided by appellant's lack of remorse and minimization of his conduct. Although appellant did not have a significant criminal history, he admitted to past alcohol abuse, and the state noted that alcohol played some role in appellant's offenses. Appellant refused to admit to the events recounted by the boys and the state, instead minimizing his conduct so that it sounded accidental. Appellant's counsel stated appellant was remorseful for his conduct, but the trial court found the statement not credible in light of the facts of the case.
The trial court found that community control sanctions would not be appropriate in light of the severity of the harm caused by appellant's conduct and appellant's likelihood of recidivism. We find that the trial court did not err in finding that community control sanctions would be inappropriate, and that a prison term was necessary in light of the purposes and principles of sentencing contained in R.C. 2929.11.
When the trial court has determined that a prison term must be imposed upon the offender for a felony of the fourth degree, the trial court may impose a prison term of six to eighteen months. R.C. 2929.14(A)(4). If the offender has not served a previous prison term, the trial court must impose the minimum sentence, unless the trial court finds that to do so would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
In the instant case, the trial court noted the predatory nature of appellant's conduct and the severity of the mental harm suffered by his victims. The trial court found that the minimum sentence would demean the seriousness of appellant's offense, and that something more than the minimum sentence was required.
A trial court may impose the maximum term of imprisonment upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). In making its findings, the trial court is not required to state the reasons underlying its findings. State v. Jodrey (Dec. 13, 1999), Clermont App. No. CA99-04-038, unreported, at 6, citing State v. Edmonson (1999),86 Ohio St.3d 324, 326.
The trial court found that appellant's offenses were the worst forms of the offenses. Appellant used pornographic materials in an attempt to desensitize the boys to his conduct. Appellant not only attempted to commit gross sexual imposition, as was the charge to which he pled guilty, but he had actual sexual contact with the boys which resulted in severe emotional and psychological harm. The trial court found appellant posed the greatest risk of recidivism, as demonstrated by its earlier findings of recidivism. The trial court was further concerned about recidivism because these were sexual offenses regarding young children. The trial court provided sufficient findings in support of its imposition of maximum terms of imprisonment.
Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive sentences only if it makes certain findings. First, the trial court must determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C.2929.14(E)(3); State v. Stevens (Sept. 21, 1998), Clinton App. No. CA98-01-001, unreported, at 10. Second, the trial court must find at least one of the additional factors listed in R.C.2929.14(E)(4):
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 When imposing consecutive sentences upon an offender, the trial court is required to state the reasons for imposition of such sentences. R.C. 2929.19(B)(2)(c); Edmonson, 86 Ohio St.3d at 326.
In the instant case, the trial court found that the imposition of consecutive sentences was necessary to protect the public and to punish appellant. The trial court found that appellant's offenses were not isolated because he had previous criminal convictions, and his present offenses took place over a length of time. Consecutive sentences were not disproportionate to the severity of appellant's conduct, considering that there were multiple victims and substantial emotional and mental harm. R.C. 2929.14(E)(4)(b) was present, as demonstrated by the mental and emotional injuries described by the one boy's mother. Appellant's offenses were an abuse of the boys' trust, and his lack of remorse demonstrated that the public must be protected against him.
We find that the trial court provided sufficient findings to support the imposition of maximum, consecutive sentences. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.