OPINION
Defendant-appellant, Glendal Keith Beard, appeals his conviction on three felony counts of nonsupport of his three children.
Beard was indicted on six counts of nonsupport of dependents in violation of R.C. 2919.21(A)(2), fifth degree felonies.[1]
Beard was alleged to have made no child support payments since his 1988 divorce from Rhonda Martin, the children's mother. Beard pled guilty to three of the counts, and the remaining three counts were dismissed. A sentencing hearing was held, at which Martin, the three children, and other family members addressed the court. The trial court ordered that Beard serve a maximum twelve-month prison term on each of the three counts, the sentences to be served consecutively. Beard appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO SERVE THREE MAXIMUM TERMS OF IMPRISONMENT WITHOUT STATING A REASON IN THE RECORD.
 In his sole assignment of error, Beard contends that the trial court did not provide reasons underlying its findings in support of maximum sentences. He argues that the trial court recited statutory findings without supporting reasons in the record.
Pursuant to R.C. 2953.08(G)(1), an appellate court may not disturb a sentence imposed unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, 487. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender," and "to punish the offender." R.C. 2929.11(A).
Pursuant to R.C. 2929.14(A)(5), for a fifth degree felony such as felony nonsupport the trial court may impose a prison term of six, seven, eight, nine, ten, eleven, or twelve months of imprisonment. A trial court may impose the maximum term of imprisonment only if the trial court finds on the record that the offender "committed the worst form of the offense," "pose[s] the greatest likelihood of committing future crimes," is a major drug offender subject to R.C. 2929.14(D)(3), or is a repeat violent offender subject to R.C. 2929.14(D)(2). R.C. 2929.14(C).
The parties dispute whether R.C. 2929.19(B)(2)(d) or (e) require that the trial court provide reasons underlying the R.C.2929.14(C) findings. R.C. 2929.19(B)(2) states:
 The court shall impose a sentence and make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;
 (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
 Recent cases from this court suggest that the trial court need not provide R.C. 2929.19(B)(2)(d) or (e) reasons under all circumstances. In State v. Simpson (Apr. 3, 2000), Clermont App. No. CA99-07-078, unreported, the offender was sentenced on two counts of corruption of a minor arising out of two separate incidents. He was ordered to serve an eighteen-month prison term on each count, the sentences to be consecutively served. The trial court provided the required statutory findings in support of the maximum sentences, but failed to state its reasons underlying these findings. In affirming the sentences, this court held:
 Upon our analysis of R.C. 2929.19(B)(2)(d) and (e), however, we find neither apply in this instance. R.C. 2929.19(B)(2)(d) pertains to a maximum sentence for "one offense." Here, appellant was sentenced on two counts of corruption of a minor, making R.C. 2929.19(B)(2)-(d) inapplicable. R.C. 2929.19(B)(2)(e) pertains to a maximum sentence imposed for the highest of "two or more offenses arising out of a single incident." In this matter, the indictment and bill of particulars describe both pertinent counts as occurring in November 1998. However, during the change of plea hearing, the trial judge asked if the two counts represented separate occurrences. The prosecutor responded that the two counts represented "two separate acts of sexual conduct." Appellant did not challenge this statement. We find this record supports the conclusion that these acts did not arise out of a "single incident," making R.C. 2929.19(B)(2)(e) inapplicable. Therefore, with the imposed maximum prison terms in this instance not subject to R.C. 2929.19(B)(2)(d) and (e), the record need only include R.C. 2929.19(C) findings.
 Id. at 7-8. A similar result was reached in State v. Throckmorton (May 15, 2000), Clermont App. No. CA99-08-081, unreported, at 6. Likewise, in State v. Jodrey (Dec. 13, 1999), Clermont App. No. CA99-04-038, unreported, this court broadly stated, as to maximum sentences, that "[i]n making its findings, the trial court is not required to state the reasons underlying its findings." Id. at 5-6. See, also, State v. Sheets (Jan. 18, 2000), Clermont App. Nos. CA99-07-066 and CA99-06-067, unreported, at 10-11.
Beard's arguments have led this court to reconsider these earlier decisions, and we agree that in every case either R.C.2929.19(B)(2)(d) or (e) will require the trial court to state the reasons underlying its findings in support of imposing maximum sentences pursuant to R.C. 2929.14(C). Any other result subverts the purposes of R.C. 2929.19(B)(2)(d) and (e).
Under Simpson, an offender convicted of two or more offenses arising out of two or more incidents, but sentenced at a single time, is not provided the reasons supporting the imposition of maximum sentences. Under such circumstances, the offender is actually convicted of multiple single offenses. R.C.2929.19(B)(2)(d) expressly states that it governs when an offender receives a maximum sentence for "one offense." Thus, when an offender is sentenced on separate offenses, each of which involves a separate incident, receiving a separate sentence for each offense, each sentence would be governed by R.C. 2929.19(B)(2)(d). R.C. 2929.19-(B)(2)(e) would require reasons be given when a single maximum prison term is imposed for multiple offenses, such as where the offenses merge, are allied offenses of similar import, or in other similar circumstances.
In short, R.C. 2929.19(B)(2)(d) and (e) together require that the trial court always provide its reasons in support of imposing a maximum sentence.
We hold that where, as in the instant case, an offender is convicted of separate, multiple offenses and where each of those offenses arises out of a different incident, R.C. 2929.19(B)(2)(d) mandates that the trial court provide the reasons underlying its decision to impose maximum sentences. To the extent that Simpson,Throckmorton, Sheets, and Jodrey hold otherwise, they are hereby overruled.[2]
Where the reasons required to be given by R.C. 2929.19(B)(2) apply to more than one statutory finding or sentence, the statute does not require the trial court to reiterate the reasons with each finding or sentence. However, the trial court must provide sufficient reasons at the sentencing hearing or in the sentencing judgment entry for this court to determine which reasons apply to which finding or sentence, and to determine if such reasons support the maximum sentences imposed.
Turning to the instant case, the trial court made the findings required by R.C. 2929.14(C) that Beard "committed the worst form of the offense" and that he "pose[s] the greatest likelihood of committing future crimes." In its discussion at the time of sentencing, the trial court provided extensive reasons to support its findings and the imposed maximum prison terms.
The trial court pointed out that Beard deserted his children in 1988, going first to Florida and then to Hawaii, without ever paying child support. Although Beard had some telephone contact with his children, and made certain promises to them, he never followed through on his promises. In fact, Beard's children described to the court their emotional pain and the economic situation created by Beard's disappearance and lack of support. The record makes clear that Beard's actions placed his children and their mother in economic difficulty and caused his children great emotional trauma.
The trial court discussed that Beard is likely to commit future crimes. He has a long history of criminal offenses. His lack of support goes back more than a decade, with arrearages of over $31,000. Beard stated to the trial court that he wanted to find employment and pay his arrearages, but as noted by the court, his history indicates otherwise. He has consistently put his own wants above the needs of his children, even blaming others for his actions. He showed no genuine remorse. The trial court expressed serious reservations with regard to Beard's sincerity about wanting to pay his arrearages.
The trial court stated sufficient reasons to support the imposition of maximum prison terms for Beard's offenses. The assignment of error is overruled.
POWELL, P.J., and WALSH, J., concur.
[1] 1. A violation of R.C. 2919.21(A) is a fifth degree felony where the offender fails to support his dependent for a total of twenty-six weeks out of one hundred four consecutive weeks. R.C.2919.21(G)(1).
[2] 2. Although we overrule the analysis of this issue in these four cases, each opinion demonstrates that the trial courts did, in fact, provide reasons supporting maximum sentences. Thus, maximum sentences were properly imposed in these cases.