[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal of appellant's conviction in the Clermont County Court of Common Pleas for violating the terms of his community control sanctions.[1]
In the assignment of error, appellant asserts that the trial court erred by sentencing him to a three-year prison term after he violated the terms of his community control sanctions. An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(1); State v. Garcia
(1998), 126 Ohio App.3d 485, 487.
R.C. 2929.15(B) provides in part that if the conditions of a community control sanction are violated, the sentencing court may impose a prison term on the offender pursuant to R.C. 2929.14. This prison term shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing. R.C. 2929.15(B). See, also, State v. Tranter (Mar. 26, 2001), Clermont App. No. CA2000-05-035, unreported, at 11. At his sentencing hearing, appellant was notified that he could serve up to five years in prison for his offense. We hold that the trial court's decision to impose a prison sentence was supported by clear and convincing evidence and is not contrary to law. See Garcia at 487; R.C. 2929.14(A)(3).
Moreover, the trial court's decision not to impose the shortest prison term is supported by clear and convincing evidence and is not contrary to law. See Garcia at 487; R.C. 2929.12(D)(1) and (4); R.C. 2929.14(A)(3) and (B). The trial court does not need to provide its underlying reasons for finding that a term greater than the minimum should be imposed.State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. Instead, it is sufficient that the record reflects that the trial court engaged in the statutory analysis and determined that one or both of the exceptions under R.C. 2929.14(B) warranted a sentence greater than the minimum.Edmonson at 326. The assignment of error is overruled.
Upon consideration of the foregoing, the trial court's decision is affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
James E. Walsh, Judge, and Stephen W. Powell, Judge, concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.