OPINION
Defendant-appellant, John Amos, appeals a decision of the Butler County Court of Common Pleas, sentencing him on counts of possession of cocaine and driving under suspension. We affirm the decision of the trial court.
On April 11, 2001, appellant was indicted on charges of possession of cocaine, a fourth-degree felony, and driving under suspension, a first-degree misdemeanor. Pursuant to a negotiated plea agreement, appellant pled guilty to a fifth-degree felony charge of possession of cocaine and driving under suspension, a first-degree misdemeanor. After a sentencing hearing, the trial court sentenced appellant to serve a six-month prison term on the possession of cocaine charge, and a concurrent six-month prison term on the driving under suspension charge. Appellant appeals, raising a single assignment of error:
 "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN IMPOSING A PRISON SENTENCE."
Pursuant to R.C. 2953.08(G)(1), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter, if the court clearly and convincingly finds that the sentence is not supported by the record or is contrary to law or statute. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, 487. The sentence imposed upon the defendant should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crimes," and "to punish the offender." R.C. 2929.11(A). When deciding whether to disturb the sentence imposed by the trial court, R.C. 2953.08 requires an appellate court to review the presentence investigation report, the trial record, and any oral or written statements made to or by the court at the sentencing hearing when the sentence was imposed. See R.C. 2953.08(F)(1)-(3).
R.C. 2929.13(B) governs the sentencing of an offender who, like appellant, is convicted of a fifth-degree felony. The statute does not create a presumption that an offender who commits a fourth or fifth-degree felony should be sentenced to community control rather than prison. Rather, the statute gives general guidance and a disposition against imprisonment for such offenders. See State v. Carr (Jan. 31, 2000), Butler App. No. CA99-02-034.
R.C. 2929.13(B) provides a trial court with two means of imposing a prison term. The trial court is required first to determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. If the court finds that at least one of the factors is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(a). If the trial court determines that the offender is not amenable to community control, and that a prison term is consistent with R.C. 2929.11
purposes and principles of felony sentencing, the court is then required to impose a prison term. R.C. 2929.13(B)(2)(a).
However, a trial court's failure to find one of the enumerated imprisonment factors in R.C. 2929.13(B)(1) does not preclude it from imposing a prison sentence for a fifth-degree felony. See Carr at 5. In this circumstance, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing by considering the seriousness and recidivism factors contained in R.C.2929.12. R.C. 2929.13(B)(2)(b); Carr at 6. If the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing, the trial court retains its broad discretion to impose a prison sentence. R.C. 2929.13(A); Carr at 6.
In the present case, the trial court did not specifically find the presence of any of the R.C. 2929.13(B)(1) factors. While mentioning that appellant had been incarcerated elsewhere, see R.C. 2929.13(B)(1)(g), the trial court did not find that a prison term was warranted in the present case based on the fact that appellant had served a prior sentence. Rather, the trial court proceeded to impose a prison sentence upon considering the seriousness and recidivism factors pursuant to R.C.2929.12. The trial court concluded that a community control sanction was inconsistent with the purposes and principles of sentencing in R.C.2929.11, stating:
 "[T]he Court will note the Defendant has an extensive prior record, for being as young as he is.
"* * *
 "* * * Violation of Protection Orders; Failure to Appear on various charges, mainly up in Middletown; Possession of Cocaine; Driving Under Suspension, the current offense; Assault, up in Montgomery County. Looks like you've served 180 days up there. In fact, you've had two convictions since you committed the offense for which you stand before the Court. This does not seem to have deterred you one bit.
 "Given the fact that you do have this extensive record, the fact that you continue to commit offenses even after being charged and facing this charge, and given the circumstances surrounding this offense, the Court's going to find that you are not amenable to community control sanctions, that a definite term of incarceration is necessary and appropriate."
The entry sentencing appellant also reflects that the trial court balanced the R.C. 2929.12 seriousness and recidivism factors before imposing a prison sentence.
Appellant contends that the trial court's findings relate only to the recidivism factors, not the seriousness factors. Appellant contends that the trial court must make findings related to both of these elements before imposing a prison sentence. Appellant specifically argues that the trial court failed to consider that in committing the offense of possession of cocaine, appellant "did not cause or expect to cause physical harm to any person or property." Appellant thus concludes that the sentence is in error. We disagree with appellant's characterization of the trial court's findings.
The trial court, both at the sentencing hearing and in its sentencing entry, indicated that it had considered the seriousness and recidivism factors pursuant to R.C. 2929.12. There is no indication in the record that the trial court failed to do so. R.C. 2929.12 requires that the trial court consider the enumerated elements that apply to any given case. In particular R.C. 2929.12(C) requires that the trial court:
 "[c]onsider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." (Emphasis added.)
In the present case, none of these factors apply to the offense, possession of cocaine, committed by appellant. By definition, possession of cocaine is not a crime that may be committed against an individual. See R.C. 2925.11. Accordingly, R.C. 2929.12(C)(3), which requires the trial court to consider that a crime is "less serious" if the offender does not harm or expect to harm the victim, is wholly inapplicable. Consequently, the trial court was not required to make findings with regard to this section. The findings made by the trial court related to the recidivism factors support the imposition of a prison sentence. See, e.g., State v. Parker (Jan. 19, 1999), Clermont App. No. CA98-04-025;State v. Lugo (Sept. 18, 1998), Huron App. No. H-97-045.
Appellant lastly contends that the trial court "failed to state that community control would not be consistent or that imprisonment would be more consistent with [sentencing] purposes and principles."
When imposing a prison term for a fifth-degree felony, R.C. 2929.19
specifically requires that the court "shall make a finding that gives its reasons for selecting the sentence imposed," and that the court's reasons for imposing the prison term, as reflected in its finding, be "based upon the overriding purposes and principles of felony sentencing set forth in section R.C. 2929.11 of the Ohio Revised Code," and upon the applicable R.C. 2929.13(B)(1) imprisonment factors. See R.C. 2929.19(B)(2)(a).
Contrary to appellant's assertion, the trial court specifically stated both in the sentencing entry, and at the sentencing hearing, that appellant was not amenable to community control and that a prison term was consistent with the principles and purposes of sentencing set forth in R.C. 2929.11. The trial court premised this finding on appellant's prior record, lack of remorse, and risk of recidivism. These findings, clearly supported by the record, sufficiently satisfy the requirements of R.C.2929.19(B)(2).
Our review of the record indicates that the trial court made the necessary findings to sentence appellant to a six-month prison term. We accordingly overrule appellant's assignment of error.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.