JOURNAL ENTRY AND OPINION
Defendant-appellant, Monier Tayeh, appeals the sentence imposed upon him by the trial court after he pled guilty to attempted sexual battery. Defendant contends that his sentence does not comport with the statutory purposes and principles of sentencing contained in R.C. 2929.11, 2929.13
and 2929.19; that the trial court did not make the requisite findings contained in R.C. 2929.14(B) for departing from the minimum sentence; and that his sentence is contrary to law pursuant to R.C. 2953.08(G)(2)(a) and (b). For the reasons that follow, we affirm the sentence imposed by the trial court.
A Cuyahoga County Grand Jury indicted defendant, along with two other individuals, on the following four counts: rape, sexual battery, gross sexual imposition and kidnapping. The record reflects that on July 20, 2000, the co-defendants and a third male engaged in forceful sexual acts against a sixteen-year-old female. Those men brutalized the young woman causing her to suffer a torn vagina and anus, a bitten nipple, and other acts of degradation, including ejaculation into her hair. (Tr. 24). While defendant asserts that he did not touch this woman, he admits to witnessing her suffer this abuse as he sat there in the apartment watching television. (Tr. 11-15). The defendant had no prior criminal record and pled guilty to a single charge of attempted sexual battery, a felony of the fourth degree.
Defendant submitted a sentencing memorandum for the court's consideration and was the subject of a presentence investigation that was also reviewed and considered by the trial court prior to sentencing. The trial court indicated that it had read every document that was filed in the case. (Tr. 11). After deliberations, the court ordered defendant to serve a fourteen-month term of incarceration. (Tr. 23-27). Defendant assigns a single error for our review.
 I. The trial court's sentence was contrary to law and the court erred to the prejudice of appellant when it sentenced the appellant to a fourteen (14) month prison term in contravention of statutory felony sentencing guidelines as contained in the Ohio Revised Code.
Defendant urges reversal under the provisions of R.C. 2953.08. However, we cannot reduce, modify or vacate the defendant's sentence under this statute unless we find the trial court's decision was clearly and convincingly unsupported by the record and/or contrary to law. R.C.2953.08; State v. Garcia (1998), 126 Ohio App.3d 485.
Under this assignment, defendant presents three separate issues, which we will address in the order they were presented:
 A. Whether the court appropriately found defendant not amenable to Community Control Sanctions.
Defendant argues that the trial court did not make the statutory finding that a prison term is consistent with the purposes and principles of sentencing and that defendant is not amenable to community control sanctions. The State counters that the trial court complied with the statutory directives in imposing its sentence on defendant.
We first address the fact that the defendant allegedly did not touch the victim and merely witnessed the brutal attack without doing anything about it. This contention, however, was never tested at trial and we need not reach the issue of defendant's guilt since by voluntarily choosing to plead guilty to the crime of attempted sexual battery, he has admitted his guilt. Defendant entered this plea aware of the consequences and penalties of that fourth degree felony. If he disputed the charge, defendant had the opportunity to contest his culpability in this matter by way of a trial. He chose not to. As it stands, defendant pled guilty to an offense in which the victim endured humiliating and outrageous physical and sexual abuse.
Because defendant pled guilty to attempted sexual battery, a felony of the fourth degree, R.C. 2929.13 applies and provides, in pertinent part, as follows:
 (B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
* * *
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03 * * * of the Revised Code.
In this case, the trial court found that the victim of the offense suffered severe psychological and physical harm and noted that it was a sex offense. (Tr. 24). Because the trial court made these findings under R.C. 2929.13(B)(1)(a) and (f), R.C. 2929.13(B)(2) applies, as follows:
 If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term on the offender.
In this case, the trial court clearly considered the statutory factors in sentencing defendant. The trial court expressly noted the presumption that favors community control sanctions for this fourth degree felony that is defendant's first offense. But, the court found that the presumption was overridden for the reasons that the court articulated on the record. (Tr. 23-25). These reasons include the court's finding that this was one of the worst forms of the offense that the court has ever seen; outweighed only by a case involving offenders who drove a woman around all day and then killed her. (Tr. 24). The court also considered the seriousness of the offense. (Tr. 24). Accordingly, we find that the trial court clearly and convincingly complied with the applicable statutes in sentencing defendant to a prison term.
 B. Whether the court properly deviated from imposing the minimum sentence.
Next, defendant contends that the trial court should have imposed the shortest prison term because it was his first offense and because, he argues, the court did not find that the shortest term would either (1) demean the seriousness of the offense; and/or (2) would not adequately protect the public from future crimes by the defendant or others as provided in R.C. 2929.14(B). The Ohio Supreme Court has directed that the court must make one of the two statutory findings on the record before it can deviate from imposing the shortest prison term on an offender who has not previously served a term of incarceration. State v. Edmonson (1999),86 Ohio St.3d 324. It, however, is not necessary for the court to state its reasons for making these findings. Id.
Subsequent to the release of Edmonson, this Court has held that it is not necessary for the trial court to use the exact language of R.C.2929.14(B), as long as it is clear from the record that the trial court made the required findings. See State v. Williams (Feb. 7, 2002), Cuyahoga App. No. 79273. In this case, the record demonstrates that the trial court imposed more than the minimum sentence based upon the seriousness of the offense. (Tr. 23 this is the worst form of the offense I have ever seen ; and Tr. 24 after weighing the seriousness of this offense * * * I am going to sentence you to 14 months).[1] Remanding this matter to have the trial court use the exact language of the statute when it is abundantly clear from the transcript that the trial court intended to deviate from the minimum sentence for one of the statutory reasons would be fruitless and a waste of resources.
Therefore, based upon the record in this case, we find that the trial court complied with the provisions of R.C. 2929.14(B) in imposing more than the minimum sentence.
 C. Whether the sentence is supported by the record and is not contrary to law.
Defendant relies on the provisions of R.C. 2953.08(G)(2) in urging modification of his sentence at the appellate level. That statute provides:
 The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 (a) that the record does not support the sentencing court's findings * * *;
(b) that the sentence is otherwise contrary to law.
Defendant disputes the presentence investigation report's indication that he lacked genuine remorse. The trial court was in a better position to evaluate the genuineness of defendant's remorse than we can from a transcript of the proceedings that were actually conducted by the trial court. We further find that since defendant pled guilty to the felony offense of attempted sexual battery, it is rather immaterial that he never touched the victim.
The trial court's sentence is supported by evidence from the record indicating that defendant believed the young female was impaired and not entirely aware of what was going on; that he admittedly saw the situation getting out of control ; and that he felt that the girl was being forced to do stuff she did not want to do ; and the defendant sat by watching television as his friends violently, forcefully sexually violated this girl in his presence. (Tr. 11-12).
It is also noted that the court did not impose the maximum sentence on this defendant despite the court's finding that this was the worst form of the offense.
Having reviewed the record, we decline to modify the sentence. The sentence is supported by the record and is not contrary to law. In other words, applying the clear and convincing standard we cannot find that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., CONCURS. COLLEEN CONWAY COONEY, J., DISSENTS. (SEE DISSENTING OPINION ATTACHED).
[1] We note that elsewhere in the transcript, the trial court repeatedly noted that because the court found the offenders' actions to be the worst form of the offense, the court believed imposing the shortest sentences would demean the seriousness of the offenses. E.g., (Tr. 52, 80). While these comments were made in reference to the co-defendants, they clarify the court's deliberations and reflect the court's consideration of the shortest prison term and the inappropriateness of imposing it under the particular facts of this case. As such, this demonstrates that the court did consider imposing the shortest prison term as required by law.