JOURNAL ENTRY AND OPINION
Defendant Carlos Kincaid appeals from the judgment of the trial court which, upon a resentence instruction, sentenced the defendant to a total of twelve years incarceration. For the reasons set forth below, we affirm.
Defendant was indicted pursuant to a three count indictment which charged him with one count of possession of drugs with a major drug offender specification and a juvenile specification, one count of conspiracy to commit possession of drugs with a major drug offender specification and a juvenile specification and one count of possession of criminal tools. Defendant pleaded not guilty to all charges. The matter proceeded to a jury trial. Defendant was convicted on Counts one and two of the indictment and found not guilty on Count three. Thereafter, defendant was sentenced to a total of nineteen years incarceration. The sentence included ten years on Count one and three years on Count two, to run concurrently. He was sentenced to nine years for both the major drug offender specification and the juvenile specification, to run concurrently.
An appeal was thereafter made upon which this court affirmed the convictions and remanded for resentencing. On remand, the trial court did not hold a new sentencing hearing. The matter was again appealed to this court and again remanded for resentencing. At that hearing, the judge sentenced the defendant to concurrent terms of ten years on Count one and three years on Count two, and a reduced two year consecutive sentence for the major drug offender specification. It is from this sentence that the defendant now appeals. The defendant asserts three assignments of error for our review. We address the defendant's assignments of error out of order.
 II. THE TRIAL COURT ERRED IN THE APPLICATION OF THE SENTENCING STATUTE TO THE FACTS IN THIS CASE.
In his second assignment of error, defendant alleges that the trial court erred in applying the sentencing statute to the facts of the case. The applicable sentencing statutes are delineated below.
Pursuant to R.C. 2925.11(C)(4)(f) possession of cocaine in an amount greater than one thousand grams is a felony of the first degree and the offender is considered a major drug offender. In addition, the statute states in relevant part, the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under Section 2929.14(D)(3)(b) [Emphasis added.] Pursuant to R.C. 2929.14(D)(3)(b) a court may impose an additional prison term of between one and ten years if the court makes the following two findings: the terms so imposed are inadequate to punish the offender and protect the public from future crime and the terms are demeaning to the seriousness of the offense. R.C. 2929.14(D)(2)(b)(i) and (ii). The statute then directs the court to review the lists of factors regarding the seriousness of the crime and the likelihood of recidivism set forth in 2929.12 when making the above findings.
In the resentencing hearing the defendant sought to have the additional nine year sentence for the major drug specification reduced. The court acknowledged the mandate prescribed by statute and applied it accordingly. The court determined that the ten year term imposed for the possession of cocaine charge was demeaning to the seriousness of the offense and was inadequate to punish the defendant and protect the public from future crime. In making this determination, the court cited the following factors from th enumerated list of factors in 2929.12 that were dispositive in the case sub judice:
 * * *the offender committed the offense for hire or as part of organized criminal activity.[1]* * * * * *the defendant did not express remorse.[2]* * * * * *this is not a victimless crime.[3]* * * * * *by the mere bulk of the amount of cocaine, that this is more serious than an offense typically constituting a felony one drug possession trafficking case.[4]* * *
We note that under the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C.2953.08; State v. Parker, 1999 Ohio App. LEXIS 77, (Jan. 19, 1999), Clermont App. No. CA 98-04-025, unreported; State v. Garcia,126 Ohio App.3d 485; State v. Donnelly, 1998 Ohio App. LEXIS 6308, (Dec. 30, 1998), Clermont App. No. CA98-05-034, unreported. Applying this standard of review, we find that this assignment of error is without merit. The reduced two year consecutive sentence for the major drug offender specification was clearly and convincingly supported by the record and not contrary to law.[5] The hearing record cited above clearly indicates that the court properly considered all relevant factors as dictated by statute in resentencing the defendant.
 I. THE TRIAL COURT ERRED IN FAILING TO CONSIDER EVENTS WHICH OCCURRED SUBSEQUENT TO THE FIRST SENTENCING HEARING WHEN IT RESENTENCED MR. KINCAID.
 III. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY AT THE SENTENCING HEARING REGARDING ALLEGED PRIOR DRUG TRANSACTIONS.
In his first and third assignments of error, defendant submits that the trial court erred in failing to consider events which occurred subsequent to the initial sentencing hearing and in allowing testimony regarding an alleged prior drug transaction. These assignments of error are without merit.
The trial court must consider all relevant factors including, but not limited to, the enumerated factors of R.C. 2929.12, but the weight to be given those factors is within the discretion of the trial court. State v. Parker, supra.; State v. Kalman, 2000 Ohio App. LEXIS 5348, (Nov. 15, 1998) Ashland County App. No. 00-CA-1348, unreported; State v. Willis, 1999 Ohio App. LEXIS 3643, (Aug. 9, 1999), Clermont App. No. CA99-01-007, unreported.
The defendant alleges that the trial court should have considered more seriously the fact that the defendant was remorseful at the resentencing hearing and demonstrated improved behavior while incarcerated. In evaluating this claim, we note as an initial matter, that a seven year reduction in sentencing from the first sentence has occurred. As to the trial court's consideration of the defendant's remorse, the trial court addressed this issue and apparently ascertained that the defendant's sudden remorse at the resentencing hearing was disingenuous, stating:
 He may come into the Court today expressing remorse but that is a little late and after the fact, and certainly after his appellate rights have expired, at least in terms of as to the sufficiency of the evidence against him.
Moreover, the trial court was entitled to afford little weight to events subsequent to the defendant's first sentencing hearing.
Lastly, there is no evidence that the trial court relied on the state's comments regarding the defendant's alleged prior drug transactions. In fact, if the court had relied on such statements, the sentence would likely not have been reduced at all. Therefore, these assignments of error are overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS. COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY
[1] At trial, the evidence showed that the Cleveland police received information about a drug ring which prompted surveillance of several homes and the Amtrak station. State v. Kincaid, 1999 Ohio App. LEXIS 5714, (Dec. 2, 1999), Cuyahoga App No. 75435, unreported. (Kincaid I). Through surveillance, the police witnessed the implementation of the plan and subsequently arrested the defendant. Id. Evidence showed that the defendant was involved in the scheme with several individuals in which two "mules," one being the defendant, traveled to New York, obtained 4,500 grams of cocaine, and returned to the area with the drugs. Id. at 4. Additionally, there was testimony by a co-conspirator that each carrier was to receive $1,000 for their part. Id. at 9.
[2] The defendant did express remorse at the resentencing hearing, however the court afforded little deference to it given the timing.
[3] The defendant argued that no one was harmed by his actions, which would be considered under 2929.12 as a factor indicating the crime was less serious than conduct normally constituting the offense.
[4] At trial, testimony revealed that police recovered from defendant and his co-conspirator a total of 4,500 grams of cocaine with a street value of approximately $500,000. Kincaid I
[5] As previously mentioned, on resentence the trial court reduced the sentence for the major drug specification from nine to two years.