JOURNAL ENTRY AND OPINION
Defendant Larry Solomon ("defendant") appeals from the judgment of the trial court which found him guilty of robbery under R.C. 2911.02 and from the five-year incarceration sentence imposed thereafter. For the reasons set forth below, we affirm the judgment of the trial court.
Defendant was indicted on one charge of robbery with a prior conviction specification and a repeat violent offender specification. Defendant pleaded not guilty and the matter proceeded to a bench trial on February 2, 1999.
The state's evidence demonstrated that on September 6, 1998 Bryon Anzevino was in Cleveland to attend a fundraiser for the Muscular Dystrophy Association for whom he was employed. He parked his car on the street and when he returned on September 7, the rear passenger window had been broken, papers from his glove compartment were in disarray and his garment bag was missing from the backseat. Mr. Anzevino discovered a note left by the Cleveland police stating that his car had been broken into and listing a contact number. Mr. Anzevino went to the police station where he recovered his garment bag.
The state's evidence also demonstrated that on September 7, at approximately 3:00 a.m., two police officers from the Cleveland Police Department responded to a radio assignment for a male breaking into cars in the area between West 6th and West 3rd on Frankfort. According to testimony of Officer Rossoll, the police officers deactivated the lights of the police cruiser as they went around the corner in an effort to surprise the defendant. At that time they observed the defendant breaking into a car. He testified that the defendant threw an object into the rear passenger side window to break the window, and reached into the backseat with his left hand. The officer testified that the defendant appeared to be grabbing something, which he later believed to be Mr. Anzevino's garment bag. At that moment, the police officers approached the defendant from behind in an attempt to detain him. Officer Rossoll testified that the defendant turned around, noticed the police officers, and attempted to flee. He testified that a struggle ensued when the defendant forcefully pushed the officer. Officer Rossoll testified that he grabbed the defendant and both the officer and the defendant fell over an old bicycle lying on the sidewalk. During the struggle, Officer Rossoll's partner, Officer Digregorio, was trying to grab the defendant who was flailing his arms and attempting to strike Officer Digregorio. Both officers sustained minor injuries, including a laceration to Officer Rossoll's bicep and lacerations on the inside of Officer Digregorio's hands.
After the struggle and an attempt by the defendant to strike Officer Digregorio, the police officers were able to handcuff the defendant with the help of other officers who arrived at the scene to assist.
The defendant testified in his defense that on the evening of September 6, 1998, he was riding his bike around downtown Cleveland. He testified that he stopped his bike on the street and when he did, a car backed into his bike and bent the wheel of the bike. When the driver of the car and the defendant exchanged words, the defendant asked the driver to pay for the damage and the driver refused. The defendant took a bus to get help from his brothers. He was unable to locate his brothers, so the defendant headed back downtown. The defendant went back to the location where the bike accident previously occurred and found what he thought to be the car that hit his bicycle. The defendant threw an object through the window in an effort to get even. He stated that when the police officers approached him at the car, a struggle ensued as he tried to tell the police officers that he didn't do anything wrong. After the struggle ended, the defendant was subsequently arrested and charged.
Thereafter, the matter proceeded to a bench trial and the trial court found the defendant guilty of robbery with a prior conviction specification.[1] The defendant was sentenced to five years incarceration. It is from this ruling that the defendant now appeals, asserting two assignments of error for our review.
 I. THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF ROBBERY WITH NOTICE OF PRIOR CONVICTIONS WHERE THE PROSECUTION FAILED TO PROVE BEYOND A REASONABLE DOUBT ALL ELEMENTS CONSTITUTING THE OFFENSE AS CHARGED.
In his first assignment of error, defendant contends that his conviction of robbery with a prior conviction specification is not supported by sufficient evidence. Defendant maintains that the prosecution failed to prove the attempt or commission of a theft offense.
In reviewing a record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Jackson
(2001, 92 Ohio St.3d 436, 751 N.E.2d 946, following Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
The elements of robbery are set forth in R.C. 2911.02 which reads, in pertinent part, as follows:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another
"Theft" is defined in 2913.02, which states:
 No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
"Physical Harm" is defined in R.C. 2901(A)(3) as:
 "any injury, illness, or other physiological impairment, regardless of its gravity or duration."
And lastly, "Attempt" is defined in R.C. 2923.02(A)
 No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
In the case at bar, the state presented testimony of both police officers who witnessed the defendant break the window of the car and reach into the backseat attempting to pull something out. The defendant's efforts were thwarted upon the arrival of the police, however his actions constitute "attempt" of a theft offense consistent with R.C. 2911.02. But for the police officers' interaction, the defendant would have been successful in taking the garment bag out of the automobile. Similarly, the defendant attempted to inflict harm on the police officers. The state presented evidence that the defendant forcefully pushed Officer Rossoll resulting in the officer falling over a bicycle on the sidewalk. The state presented additional testimony that the defendant repeatedly flailed his arms while struggling with the police officers. Both officers suffered lacerations as a result of the struggle. This conduct and the resultant injuries satisfy the physical harm element of robbery pursuant to R.C. 2911.02.
We find, in viewing the evidence in a light most favorable to the prosecution, the trial court could have found the essential elements of robbery beyond a reasonable doubt. As a result, this assignment of error is not well-taken.
 II. THE APPELLANT HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE SENTENCE IMPOSED IN THE WITHIN CASE WHERE THE SENTENCE DID NOT COMPORT WITH OHIO'S NEW SENTENCING SCHEME.
In his second assignment of error, the defendant alleges that the trial court erred in applying the sentencing statute to the facts of the case. In support of this proposition, the defendant states that the trial court failed to consider community control sanctions pursuant to R.C. 2929.15(A). Additionally, the defendant states that pursuant to R.C. 2929.12(B), the court was required to consider various factors listed in R.C. 2929.14
before imposing a prison term. The applicable sentencing statutes are delineated below.
In the present case, the defendant was convicted of a felony of the second degree with a notice of prior conviction. With notice of prior conviction, the robbery offense carries a mandatory term of incarceration under R.C. 2929.13(F)(6). Thus, under R.C. 2929.14(A)(2), the defendant must serve a prison term of between two and eight years. Community control sanctions are not an option for this defendant.
Pursuant to R.C. 2929.14, the trial court is required to impose the shortest prison term, unless the court finds that the shortest prison term would demean the seriousness of the offense or not adequately protect the public from future crime. However, this requirement only applies to a defendant if the offender has not previously served a prison term. R.C. 2929.14(B). Since the defendant had previously served a prison term, the presumption that the defendant is entitled to consideration of the shortest prison term does not apply to him.
Pursuant to R.C. 2929.19(B)(2), the court is required to state its reasons for imposing its sentence in certain situations, for example, where the maximum term is imposed. However, the court was not required to state its reasons in this case for imposing a five-year term of incarceration. Since this defendant was a prior offender and previously served a prison term, the court was within its discretion to sentence the defendant to five years. If the court had imposed the maximum sentence of eight years incarceration, it would have been required to state its reasons. R.C. 2929.19(B)(2)(d). Again, in this case, the defendant was given less than the maximum sentence and was not a first-time offender.
We note that under the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C.2953.08; State v. Parker, 1999 Ohio App. LEXIS 77, (Jan. 19, 1999), Clermont App. No. CA 98-04-025, unreported; State v. Garcia,126 Ohio App.3d 485; State v. Donnelly, 1998 Ohio App. LEXIS 6308, (Dec. 30, 1998), Clermont App. No. CA98-05-034, unreported. We find that the sentence imposed is supported by the record and not contrary to law.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS. ANNE L. KILBANE, J., CONCURS INPART AND DISSENTS IN PART (SEE ATTACHED CONCURRING DISSENTING OPINION)
[1] Prior to trial, the prosecution dropped the repeat violent offender specification.