OPINION
Defendant-appellant, Scott W. Beach, appeals his convictions in the Butler County Court of Common Pleas on three counts of breaking and entering, fifth-degree felony offenses, in violation of R.C. 2911.13(A).
Beach and an accomplice broke into the construction trailers of three separate companies at a West Chester site and removed over $5,400 worth of construction materials.
Following a presentence investigation, the trial court sentenced Beach to two consecutive eleven-month terms of imprisonment and one concurrent eleven-month term on the three counts of breaking and entering.
On appeal, Beach presents the following two assignments of error for review.
Assignment of Error No. 1:
 THE DEFENDANT/APPELLANT IS DENIED DUE PROCESS OF LAW WHEN THE COURT IMPOSES CONSECUTIVE SENTENCES AND FAILS TO COMPLY WITH THE MANDATES OF O.R.C. 2929.19(B)(2)(c).
Assignment of Error No. 2:
 THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT IMPOSED ELEVEN MONTHS ON EACH OF THE THREE COUNTS TO WHICH HE PLED GUILTY AND ORDERED THAT TWO OF THE SENTENCES BE CONSECUTIVE.
Appellant's assignments of error each challenge the trial court's decision to impose consecutive sentences. In his first assignment of error, Beach claims the trial court failed to comply with R.C.2929.19(B)(2)(c), which states:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
 R.C. 2929.19(B)(2)(c) requires the trial court to state its reasons on the record when imposing consecutive sentences. State v. Jones (2001), 93 Ohio St.3d 391, 399; State v. Lane (Feb. 11, 2002), Butler App. No. CA99-02-046, unreported.
The record reflects that the trial court found that not to impose consecutive sentences would demean the seriousness of the offense and would not adequately protect the public. The court went on to observe that consecutive sentences were needed to protect the public from future crime by appellant and that the consecutive sentences were not disproportionate to the seriousness of appellant's conduct or to the danger he posed to the public. See R.C. 2929.14(E)(4).
Having reviewed the transcript of appellant's sentencing hearing and the trial court's sentencing entry, we conclude that the record herein adequately demonstrates compliance with R.C. 2929.19(B). For these reasons, appellant's first assignment of error is overruled.
In his second assignment of error, appellant submits that the consecutive sentences were improper since the court found only one factor under R.C. 2929.13(B) to override the presumption against prison. If the court finds that any of the factors of R.C. 2929.13(B)(1) are present, it may impose a prison term if, after weighing the seriousness and recidivism factors of R.C. 2929.12, it concludes that a prison term is consistent with the purposes and principles of sentencing and the offender is not amenable to an available community control sanction. See R.C. 2929.13(B)(2)(a).
The court found one of the necessary statutory factors present when it determined that appellant had served a prior prison term. R.C.2929.13(B)(1)(g). As the court also observed, appellant practically made a "vocation" out of this conduct and had been breaking into construction site trailers for "five nights a week for months" until he was finally apprehended. The court added that appellant, if released, would revert to this same type of conduct.
Given appellant's record, his past propensity to engage in this type of conduct, and the high degree of probability that he was likely to engage in similar conduct if released, we find that the trial court's decision to impose a prison term and consecutive sentences was supported by clear and convincing evidence. See State v. Garcia (1998), 126 Ohio App.3d 485. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.