DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the Huron County Court of Common Pleas wherein appellant, Paul Drobiezewski, pled guilty to nine criminal charges stemming from incidents that occurred on August 17 and August 25, 2001. The facts giving rise to this appeal are as follows.
 {¶ 2} On August 17, 2001, appellant and a friend entered the home of Paul Galo, a 69 year old who suffers from Parkinson's Disease, after cutting the home's phone line. When Galo awoke to the sound of his dog barking at approximately 5:20 a.m. and went downstairs to investigate, appellant threatened him with Galo's walking cane. Appellant yelled at Galo regarding the involuntary shaking of his arm, and ordered him to get on the floor. Galo was later locked in a bathroom with a pillow case over his head. After approximately 40 minutes, Galo was aware that the men had left his home, and he freed himself. Appellant and his friend had removed money and property from Galo's home.
 {¶ 3} On August 25, 2001, appellant and his friend attempted to reenter Galo's home by breaking into his garage. The two also attempted to cut Galo's phone wire again. However, Galo was able to contact authorities, and the two men hid under Galo's truck which was parked in the garage. Approximately seven hours later, appellant and his friend tried to run from the garage and were apprehended by police.
 {¶ 4} Appellant was indicted for two counts of burglary, a second degree felony, in violation of R.C. 2911.12(A)(1). Appellant was also indicted for aggravated robbery, a first degree felony, in violation of R.C. 2911.01(A)(1), with a firearm specification; robbery, a second degree felony, in violation of 2911.02(A)(2); kidnaping, a second degree felony, in violation of R.C. 2905.01(A)(1), (2), and (3); disrupting a public service, a fourth degree felony, in violation of R.C. 2909.04(A)(1) and/or (3); attempted disrupting of a public service, a fifth degree felony, in violation of R.C. 2923.02(A) and 2909.04(A)(1) and/or (3); theft, a fifth degree felony, in violation of R.C. 2913.02(A)(1) and/or (4); and possession of criminal tools, a fifth degree felony, in violation of R.C. 2923.24(A)(C).
 {¶ 5} The state offered appellant a plea agreement, but he chose instead to plead guilty to all nine counts of the indictment on November 5, 2001. At sentencing, the robbery charge was found to be an allied offense of similar import, and was dismissed. The trial court divided the remaining eight counts into two groups. In the first group, appellant was sentenced to eight years for aggravated robbery, seven years for burglary, seven years for kidnaping, 15 months for disrupting public service, and ten months for theft, to be served concurrently. In the second group, appellant was sentenced to seven years for the other burglary charge, ten months for possession of criminal tools, and ten months for attempted disrupting of a public service, to be served concurrently. The court ordered that the sentences for the two groups of charges be served consecutively, for a total of 15 years in prison.
 {¶ 6} Appellant now appeals his sentence and asks this court to consider the following assignment of error:
 {¶ 7} "Appellant's sentence of 15 years of incarceration was error as a matter of law, constitutionally infirm, and contrary to the principles and purposes of the sentencing guidelines set forth in R.C. 2929.11, et seq."
 {¶ 8} Appellant argues in his brief that his conduct in committing the crimes was "less serious than conduct normally constituting the offense," pursuant to R.C. 2929.12(C), for several reasons. First, appellant asserts that he and his accomplice did not anticipate that Galo would be in his home, and so they did not intend to cause him harm. Second, appellant claims that Galo was locked in his bathroom "ostensibly for his safety." Appellant also claims that his mental illness, depression, was a contributing factor to the commission of the offense. Lastly, appellant postulates that Galo's employment of a prostitute may have facilitated the offense.
 {¶ 9} R.C. 2953.08, which governs the appeal of felony sentences, dictates that an appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); State v. Garcia
(1998), 126 Ohio App.3d 485, 487. Upon review, the appellate court shall examine the record, including the presentence investigative report, the trial court record, and any oral or written statements made to or by the court at the sentencing hearing. R.C.2953.08(F)(1)-(4).
 {¶ 10} In reviewing the record before us, we find that the trial court did not err in sentencing appellant to 15 years incarceration for the crimes he committed on August 17 and August 25, 2001.
 {¶ 11} We initially note that appellant was not sentenced to the maximum period of incarceration for any of the eight charges of which he was convicted. R.C.2929.14(A) lists the prison terms for various felonies. According to this statute, aggravated robbery is punishable by a minimum of three years and a maximum of ten years in prison. Appellant was sentenced to eight years. The second degree felonies of robbery and kidnaping are punishable by a minimum of two years and a maximum of eight years. Appellant was sentenced to seven years for each of these crimes. The fourth degree felony of disruption of public service is punishable by a minimum of six months and a maximum of 18 months. Appellant was sentenced to 15 months. And the fifth degree felonies of theft, attempted disruption of public service, and possession of criminal tools, are punishable by a prison term of six to 12 months. Appellant was sentenced to ten months.
 {¶ 12} In determining the length of a sentence, the court must comply with the purposes and principles of sentencing enumerated in R.C. 2929.11, bearing in mind the seriousness and recidivism factors listed in R.C. 2929.12.
 {¶ 13} The transcript of the sentencing hearing in this case reveals that the trial court found a factor indicating the offense was more serious, namely that the injury to the victim was exacerbated by his Parkinson's Disease as well as his age. Although the court found that the victim had not suffered serious psychological harm, the court pointed out that "[h]e certainly was impacted psychologically by the mere fact that he couldn't even go back into his home."
 {¶ 14} The court further found that there were no factors indicating that the offense was less serious, and no grounds to mitigate appellant's conduct. The court found that the victim in this case did not induce or facilitate the offense. The court stated that the suggestion that the victim had facilitated the offense "comes real close to victim bashing * * *."
 {¶ 15} Responding to appellant's argument for community control sanctions rather than incarceration, the court noted:
 {¶ 16} "You indicated * * * that the factors would suggest that this conduct was less serious than the conduct normally constituting these offenses. Boy, I don't see that at all. What he did in breaking into this house, I mean, tying up this gentleman, threatening him with his cane, terrorizing him, in effect. I don't see where you can even come close to say that he's — this conduct somehow was the less serious side of these various offenses."
 {¶ 17} The court went on to note:
 {¶ 18} "It is not an excuse that one is under drugs. If we said that anybody under drugs who commits a criminal act, that it ought to be considered as mitigated, then what we're saying to all these offenders is, well, it's okay if you are on drugs if you do these sorts of things, even if you were sober it's okay. It's not okay."
 {¶ 19} Although the trial court acknowledged that appellant had no prior criminal history and had showed genuine remorse, it found that his drug use was a relevant factor in determining whether or not he would be able to succeed if placed on community control. The court noted that appellant's drug problem was "serious enough that his family undertook to send him across the country for treatment * * * [a]nd * * * apparently, did not have any success, because he came right back here, was back into drugs, back into the kinds of associations that, ultimately, led to the two incidents for which he is now being sentenced."
 {¶ 20} As a result of appellant's drug use, which the presentence report indicated had begun at age eleven, the trial court found that it could not say that appellant had led a law-abiding life prior to his arrest, or that the circumstances surrounding his arrest were unlikely to reoccur.
 {¶ 21} It is apparent from the record that the trial court considered the necessary factors and found that the appropriate circumstances existed to sentence appellant to 15 years incarceration. Therefore, we clearly and convincingly find that appellant's sentence is supported by the record, and appellant's sole assignment of error is found not well-taken.
 {¶ 22} The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.