DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Lucas County Court of Common Pleas following appellant's no contest plea. Because we conclude that appellant's sentence was not contrary to law or unsupported by the record, we affirm.
 {¶ 2} Appellant, Stephanie Skaggs, was indicted on one count of felonious assault, a violation of R.C. 2903.11. The charge resulted from a street fight which occurred between appellant and Veronica Perez. During an early morning confrontation, Perez allegedly hit appellant in the head with a 22 ounce beer bottle. Appellant fought back and the two women ended up on the ground. Appellant, at some point, lost control and repeatedly drove Perez's head into the sidewalk. Perez suffered serious injuries and was hospitalized. After several weeks in a coma, Perez regained consciousness but required physical rehabilitation to walk and speak. She also suffered extensive memory loss.
 {¶ 3} In addition to the felonious assault charge, appellant was also charged with aggravated assault, a violation of R.C. 2903.12(A)(1). Pursuant to a plea agreement, appellant pled no contest to the aggravated assault charge and the state nolled the original indictment for felonious assault. Appellant was found guilty and sentenced to eighteen months in prison.
 {¶ 4} Appellant now appeals that judgment, setting forth the following sole assignment of error:
 {¶ 5} "The trial court erred when it sentenced defendant-appellant to a period of incarceration for a fifth degree felony."
 {¶ 6} We initially note that appellant was found guilty of aggravated assault which is a fourth degree felony, not a fifth degree felony as set forth in appellant's assignment of error. R.C. 2929.14
permits a court to impose a maximum term of eighteen months imprisonment for a felony of the fourth degree if it finds the offender has committed the worst form of the offense or imposes the greatest likelihood of committing future crimes. In determining the length of a sentence, the court must comply with the purposes and principles of sentencing enumerated in R.C. 2929.11, bearing in mind the seriousness and recidivism factors listed in R.C. 2929.12.
 {¶ 7} An appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); State v. Garcia (1998), 126 Ohio App.3d 485, 487. When reviewing the propriety of the sentence imposed, an appellate court shall examine the trial court record, including the presentence investigative report, and any oral or written statements made to or by the court at the sentencing hearing. R.C. 2953.08(F)(1)-4).
 {¶ 8} In this case, the court was aware that this was appellant's first offense and that the victim had initially provoked the confrontation. Nevertheless, due to appellant's total loss of control and her extreme infliction of injuries upon the victim, the trial court specifically found that appellant had committed the worst form of the offense. The record shows that the victim suffered extensive memory loss requiring her to undergo physical therapy to relearn speech, walking and basic living skills. The victim also lost much of her long and short term memories involving her child, family, and fiancé. She required the care of family members as she convalesced. Also, the victim's wedding was to occur at the time she was hospitalized and recovering from her injuries. Therefore, we cannot say that the sentence imposed is not supported by the record or is contrary to law. The trial court did not err in imposing the maximum sentence for a fourth degree felony.
 {¶ 9} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 10} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J. and Mark L. Pietrykowski,P.J., CONCUR.