JOURNAL ENTRY AND OPINION
{¶ 1} The defendant-appellant Robert Mosby ("defendant") appeals his sentencing by the Cuyahoga County Common Pleas Court. On September 17, 2001, the defendant was indicted in a ten-count indictment by the Cuyahoga County Grand Jury for two counts of intimidation,[1]
aggravated burglary,[2] disrupting public service,[3] kidnapping[4]
with sexual motivation specification,[5] three counts of rape[6] with sexually violent predator specifications,[7] attempted rape[8] with sexually violent predator specification,[9] and attempted gross sexual imposition.[10] The defendant subsequently entered into a plea agreement with the State and on January 16, 2002, the defendant entered a plea of guilty to one count of gross sexual imposition, a fourth-degree felony. The State nolled the remaining charges and the trial court ordered the preparation of a presentence investigation report.
 {¶ 2} The sentencing hearing was held on February 13, 2002, wherein the trial court heard evidence in mitigation and the defendant addressed the court. The trial court imposed the maximum term of imprisonment of eighteen months for count six, to run consecutive to the sentence in CR 402502. The defendant and the State stipulated that the defendant was a sexually oriented offender. For the reasons that follow, we affirm.
 {¶ 3} The record reveals that on September 4, 2001, the defendant, age 26, kicked open the front door of the residence which he shared with the victim in Cleveland, Ohio, and disarmed the alarm. The defendant admits that he was not an owner or leaseholder of the premises. The victim had changed the locks and the defendant desired to collect his property. The Cleveland Police Department responded and the victim indicated that she was fine. The defendant admitted that, after the police departed, he and the victim had sexual relations but denied that he forced her to submit. The defendant stated that he left the residence and went to an ex-girlfriend's home where he pleaded for a half an hour for her to let him in and then the police arrived.
 {¶ 4} The defendant refused to apologize and claimed that the victim inflated the situation because she was upset he had been dating another woman. He claimed that the victim had sex with him so that he would not end the relationship. He stated that the victim saw his vehicle at his ex-girlfriend's home and that she then drove to the police and claimed that the defendant forced her to submit to sexual intercourse. The defense counsel stated that the victim had visited the defendant on 11 occasions while he was jailed and had written the defendant numerous letters.
 {¶ 5} The victim addressed the court but did not elaborate on any of the facts related by the defendant regarding the incident. The victim did state that she went to the emergency room that evening where she was examined and given a rape kit. The victim then requested that the trial court impose the maximum sentence.
 {¶ 6} The defendant submits two assignments of error for our review.
 {¶ 7} "I. The trial court erred when it imposed the maximum sentence where the offense did not constitute the worst form of the offense."
 {¶ 8} The defendant agrees that, due to prior offenses for which he was incarcerated, a prison term of some measure is appropriate herein. However, the defendant argues that the trial court disregarded relevant factors when it imposed the maximum sentence of eighteen months imprisonment. The defendant argues that the case involved an adult woman with whom the defendant resided for one year and that she later indicated concern that her accusations included false information. The defendant argues that this case is merely the result of the victim being angry with him for ending the relationship and hurting her feelings.
 {¶ 9} It is well settled that an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08; State v. Parker (Jan. 19, 1999), Clermont App. No. CA 98-04-025; State v. Garcia (1998),126 Ohio App.3d 485; State v. Donnelly (Dec. 30, 1998), Clermont App. No. CA98-05-034.
 {¶ 10} The defendant had previously been incarcerated. Thus, in order for the trial court to impose the maximum sentence, it must comply with R.C. 2929.14(C).
 {¶ 11} R.C. 2929.14(C) provides that:
 {¶ 12} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 13} At the sentencing hearing the trial court permitted both the defendant and the victim to address the court and present relevant information in accordance with R.C. 2929.19(A)(1). Prior to imposing the sentence the trial court reviewed the defendant's presentence investigation report. R.C. 2929.19(B)(1). The trial court reviewed the defendant's extensive criminal history which included four felonies and terms of imprisonment. The record demonstrates that the defendant had prior convictions for grand theft motor vehicle; trespassing; drug trafficking; DWI; resisting arrest; CCW with possession of firearm; disorderly conduct with an intoxication specification; obstructing municipal business in the Cleveland Municipal Court; domestic violence and assaulting a police officer.
 {¶ 14} In the instant case, the trial court stated at the sentencing hearing:
 {¶ 15} "Based on your extensive criminal history, based on your utter lack of remorse, and the facts before the Court in the presentence investigation report, the Court finds that this is the worst form of the offense and that you have shown a substantial likelihood of committing future acts in the future, so it is the regret of this Court that I only have 18 months to give you today, and sentence will run consecutive to the time that you're currently serving."
 {¶ 16} The trial court complied with R.C. 2929.14(C) by stating its findings that the offense was the worst form of the offense and that the defendant showed a substantial likelihood of committing future crimes. Further, the trial court cited three reasons in support of these findings. The trial court stated that it considered the defendant's actions to be the worst form of the offense and that he was likely to commit future acts based upon his extensive criminal record, complete lack of remorse and the facts set forth in the presentence investigation report. We find that the sentence imposed is supported by the record and not contrary to law. The defendant has not set forth clear and convincing evidence that the trial court committed error. Accordingly, the defendant's first assignment of error is overruled.
 {¶ 17} The defendant's second assignment of error is as follows:
 {¶ 18} "II. The trial court erred by failing to engage in the proportionality review as required by R.C. § 2929.11.B. [sic]."
 {¶ 19} The defendant contends that his sentence to eighteen months in prison is not proportionate to the sentences of similarly convicted defendants throughout the state and to the totality of the circumstances of the offense.
 {¶ 20} R.C. 2929.11(B) provides:
 {¶ 21} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 22} The defendant bases his argument upon State v. Gary (Mar. 5, 2001), Cuyahoga App. No. 77849, wherein we modified a sentence imposing consecutive four-year sentences as disproportionate to the degree of seriousness of the crimes. State v. Gary is distinguishable on its facts, wherein the appellant was convicted of gross sexual imposition for his crimes against two young girls under the age of thirteen. The defendant fails to cite any authority or case law which demonstrates that his eighteen-month sentence is inconsistent with sentences for similar crimes by similar offenders.
 {¶ 23} We find that the sentence is not contrary to law and is supported by the record. Accordingly, the defendant's second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] R.C. 2921.04.
[2] R.C. 2911.11.
[3] R.C. 2909.04.
[4] R.C. 2905.01.
[5] R.C. 2941.147.
[6] R.C. 2907.02.
[7] R.C. 2941.148.
[8] R.C. 2923.02/2907.02.
[9] R.C. 2941.148.
[10] R.C. 2923.02/2907.05.