OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Robert Zapior appeals his sentence from the Ashland County Court of Common Pleas on one count of attempted unlawful sexual conduct with a minor. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 2, 2003, the Ashland County Grand Jury indicted appellant on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the fourth degree. On July 7, 2003, appellant withdrew his former not guilty plea and entered a plea of guilty to the lesser included offense of attempted unlawful sexual conduct with a minor, a felony of the fifth degree. As memorialized in a Judgment Entry filed on July 8, 2003, the trial court ordered a pre-sentence investigation report and scheduled sentencing for August 18, 2003.
 {¶ 3} At the sentencing hearing, evidence was adduced that appellant had no juvenile or other criminal record. Defense counsel indicated to the trial court that this was a "one-time incident" and that appellant was remorseful. Appellant then addressed the trial court and expressed his remorse.
 {¶ 4} Pursuant to a Judgment Entry filed on August 20, 2003, the trial court sentenced appellant to twelve months in prison, the maximum sentence. The trial court, both on the record and in its August 20, 2003, entry, indicated that there were no factors indicating that recidivism was more likely than not pursuant to R.C. 2929.12(D). The trial court further found that recidivism was less likely because appellant had no prior criminal conviction and had not been adjudicated delinquent. Furthermore, the trial court found that the maximum prison sentence was appropriate under R.C. 2929.14(C) because the nature of the offense indicated that appellant posed the greatest likelihood of committing future crimes.
 {¶ 5} It is from the August 20, 2003 sentencing entry that appellant now appeals, raising the following assignment of error:
 {¶ 6} "The imposition of a maximum sentence is against the manifest weight of the evidence and contrary to the law."
 I {¶ 7} Appellant, in his sole assignment of error, challenges his sentence. Appellant specifically contends that the imposition of the maximum sentence was against the manifest weight of the evidence and contrary to law. We disagree.
 {¶ 8} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); State v. Garcia (1998),126 Ohio App.3d 485, 487, 710 N.E.2d 783. Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Garcia at 487.
 {¶ 9} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the presentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953 .08(F)(1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." See Statev. Mills, Ashland App. No. 03COA001, 2003-Ohio-5083.
 {¶ 10} { ¶ 8} Pursuant to R.C. 2929.14(C), a trial court may impose the maximum sentence under the following conditions:
 {¶ 11} "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 12} This statute is to be read in the disjunctive. SeeState v. Comersford (June 3, 1999), Delaware App. No. 98CAA01004, at 3. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply.
 {¶ 13} In State v. Redman, Stark App. No. 2002CA00097, 2003-Ohio-646, this Court held:
 {¶ 14} "While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence. The trial court also must provide its reasons. As stated in R.C.2929.19(B)(2)(d): The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 15} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term * * *
 {¶ 16} Thus, a trial court has discretion to impose a maximum sentence if it determines one of the factors listed in R.C.2929.14(C) exists, and it explains its reasons for imposing a maximum sentence as required by R.C. 2929.19(B)(2)(d).
 {¶ 17} Both parties agree that the trial court, in sentencing appellant to the maximum sentence, made one of the requisite findings for imposing a maximum sentence pursuant to 2929.14(C) since the trial court specifically found that appellant posed the greatest likelihood of committing future crimes. However, appellant notes that the trial court, both orally and in its Judgment Entry, found that there were no factors pursuant to R.C.2929.12(D) indicating that recidivism was more likely than not and also found, pursuant to R.C. 2929.12(E), that the following factors indicated that recidivism was less likely: (1) appellant was not adjudicated delinquent prior to the offense, and (2) appellant had no prior criminal convictions. [1]
Appellant contends that "[t]he Court's own analysis of the likelihood of recidivism under R.C. 2929.12(D) and (E) undermine [sic] a finding that appellant poses the `greatest likelihood of committing future crimes.'"
 {¶ 18} However, in deciding whether a defendant is likely to commit future crimes, the trial court is guided by the factors in R.C. 2929.12(D) and (E) but also may consider any other relevant factors. See State v. Bates, Fayette App. No. CA2001-10-018, 2002-Ohio-5512. At the sentencing hearing, the trial court summarized the contents of the presentence investigation report. The report revealed that appellant, who was 22 years old at the time, befriended a 15 year old boy and, when the boy's parents were out of town for the evening, went over and spent the night at the boy's house. During the evening, appellant and the boy, who appellant knew was 15, performed both oral and anal sex on one another. According to the report, while the victim claimed that he did not want to have sex with appellant and that he did so that appellant, who had been harassing him, would leave him alone, appellant contended that the victim hounded appellant about having a relationship and that appellant "gave in" to the victim for such reason. According to appellant's version of events, as contained in the report, the victim, whom appellant claimed was "controlling" of him, initiated the sexual contact. At the sentencing hearing, the trial court found that the injury to the victim was worsened by his age and that the victim suffered serious psychological harm. The trial court further found that appellant had befriended the victim for the purpose of sexual gratification. Furthermore, the trial court, in imposing the maximum sentence on appellant, stated that "the nature of the offense indicates this offender does pose the greatest likelihood of future crimes, . . ." Transcript at 9.
 {¶ 19} Based on the nature of the offense, which involved appellant befriending his 15 year old victim for the purpose of his own sexual gratification and then claiming the 15 year old victim initiated the contact, we find that the trial court did not err in finding that appellant posed the greatest likelihood of committing future crimes.
 {¶ 20} In short, we find that the imposition of the maximum sentence in this case was not against the manifest weight of the evidence or contrary to law. The trial court, in the case sub judice, made the requisite statutory finding for imposing the maximum sentence and gave its reasons for doing so. Furthermore, the trial court's reasons for imposing the maximum sentence were supported by the evidence.
 {¶ 21} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 22} Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.
Judgment affirmed.
Hoffman, P.J., and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] R.C. 2929.12 states, in relevant part, as follows:
{¶ b} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any otherrelevant factors, as factors indicating that the offender is likely to commit future crimes:
{¶ c} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16,2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
{¶ d} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
{¶ e} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
{¶ f} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
{¶ g} "(5) The offender shows no genuine remorse for the offense.
{¶ h} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
{¶ i} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
{¶ j} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
{¶ k} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
{¶ l} "(4) The offense was committed under circumstances not likely to recur.
{¶ m} "(5) The offender shows genuine remorse for the offense." (Emphasis added).