ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon an accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Ali Azizhakim ("Azizhakim"), appeals the sentence imposed by the common pleas court for his conviction for burglary, a felony of the fourth degree. After reviewing the arguments and applicable law, and for the reasons set forth below, we affirm the sentence imposed by the trial court.
 {¶ 3} On May 3, 2003, Azizhakim was indicted on the case that gives rise to this appeal in a one-count indictment for burglary, a violation of R.C. 2911.12. On May 17, 2004, he pleaded guilty to the amended count in the indictment contained in CR-434692, a felony of the fourth degree; this plea was subsequent to negotiations with the state. On that same day, appellant also entered guilty pleas in six other cases: CR-430047, CR-431541, CR-431743, CR-432159, CR-432678, and CR-433657. The six other cases, not directly at issue here, were pursuant to several charges of forgery and one charge of drug possession. The record also reflects that appellant, prior to the above-mentioned cases, had served five different penitentiary sentences.
 {¶ 4} As a condition of amending the burglary count to a felony of the fourth degree in the case at bar, Azizhakim agreed to serve a prison sentence of a term to be determined by the trial court. (See Sentencing Transcript pg. 48, which reads: "Your Honor, there is one other condition here with this plea. That condition is with respect to, particularly, the burglary case, 434692. The condition or the agreement with respect to his being permitted to plead to the amended Count 4 is that he has agreed togo to prison for an amount to be specified or determined by the Court.")
 {¶ 5} On July 9, 2004, a sentencing hearing was held pursuant to all seven cases to which Azizhakim had pleaded guilty, including the pertinent burglary case, which was the most serious crime involved. As to that burglary count, the trial court sentenced Azizhakim to 18 months in prison. It is from this sentence that he now appeals. For the following reasons, appellant's appeal is not well taken.
 {¶ 6} Appellant presents a single assignment of error for this court's review:
 {¶ 7} "The trial court erred in sentencing the appellant/defendant to a maximum prison sentence without making the mandatory findings required under ohio revised code sections 2929.13 and 2929.12."
 {¶ 8} The appellant is questioning the validity of the maximum sentence imposed by the trial court and seeking a reversal of the sentence from this court. An appellate court may only reverse if it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); State v. Garcia
(1998), 126 Ohio App.3d 485, 710 N.E.2d 783. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 9} According to statute, the maximum prison sentence can only be imposed if the appellant was among the offenders who committed the worst form of the offense or who poses the greatest likelihood for committingfuture crimes. R.C. 2929.14(C). When the lower court imposes the maximum prison term, it shall state on the record the reasons for imposing the maximum sentence. R.C. 2929.19(B). To impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood ofrecidivism. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121;State v. Beasley (June 11, 1998), Cuyahoga App. No. 72853. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. See Id.; State v. Assad (June 11, 1998), Cuyahoga App. Nos. 72648, 72648;State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107; State v.Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352.
 {¶ 10} Additionally, R.C. 2929.19(B)(2) provides:
 {¶ 11} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 12} "(a) * * * if it imposes a prison term for a felony of the * * * fourth degree * * * its reasons for imposing the prison term based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in division (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
 {¶ 13} In light of the above standard, this court holds that the lower court fulfilled the statutory requirements in sentencing the appellant to the maximum sentence. Under R.C. 2929.14(B), the trial court is not required to make any findings in order to impose a sentence greater than the minimum, even if the defendant has not previously served a prison term. State v. Berry (June 14, 2001), Cuyahoga App. No. 78187.
 {¶ 14} Regardless, pursuant to R.C. 2929.14(B)(1), the trial court in the case at bar was patently justified in deviating from the minimum sentence due to the fact that Azizhakim had served prior prison terms, at least five of them.
 {¶ 15} Furthermore, after a full review of the record including the sentencing hearing transcript, it is clear to this court that the trial court properly considered all the statutory factors and explained thoroughly its reasons for imposing the maximum sentence. The trial court here imposed a sentence of eighteen months on the crime of burglary, a felony of the fourth degree. R.C. 2929.14(A)(4) provides that for such a felony, "the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." In imposing the maximum sentence here, it is apparent that the lower court found the conduct of Azizhakim to have posed the greatest likelihood of recidivism. Again, in light of the record, this court cannot find error by clear and convincing evidence in that finding.
 {¶ 16} R.C. 2929.13(B)(1)(g) and (2)(a) in pertinent part provide:
 {¶ 17} "* * * in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 18} "* * *
 {¶ 19} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 20} "* * *
 {¶ 21} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds the offender is not amendable to available community control sanctions, the court shall impose a prison term upon the offender."
 {¶ 22} The lower court evidenced its findings two-fold and, thus, fulfilled its statutory requirements. First, the court clearly stated in its journal entry the following: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." This entry was entered into the record on July 19, 2004.
 {¶ 23} Furthermore, a review of the sentencing hearing transcript clearly demonstrates a thorough explanation by the trial court justifying the imposition of the maximum sentence in this case. As mentioned before, the trial court noted that the appellant had previously served five prison sentences and continued to reoffend. Most of those prior prison terms were pursuant to appellant depriving others of their money, either through theft or some form of fraud. Plus, within the six other cases before this particular lower court to which appellant pleaded guilty, besides the burglary charge at bar, there were included nine counts of forgery and one count of theft. The trial court described appellant as a professional criminal. The record clearly supports such a description.
 {¶ 24} Viewing the sentencing hearing transcript as a whole, it is clear to this court that the trial court patently expressed upon the record the finding that appellant posed the greatest likelihood of recidivism. His extensive criminal record of theft and fraud, likelihood of recidivism, and necessity to protect the public justified the maximum sentence. Therefore, the lower court conformed to the statutory requirements, and this court cannot find by clear and convincing evidence that the trial court was at error in imposing the maximum sentence in this case. As such, the appellant's sole assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs;
 Gallagher, J., concurs In judgment only (see separate opinion).
 CONCURRING IN JUDGMENT ONLY