JOURNAL ENTRY AND OPINION.
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The appellant, Rodney Scott ("Scott"), appeals from the sentence imposed by the Cuyahoga County Court of Common Pleas, Criminal Division, in which the lower court imposed maximum, consecutive sentences.
 {¶ 3} The instant matter stems from a domestic violence altercation between Scott and his wife on April 22, 2002. While they were arguing over a possible break up, Scott kicked his wife and hit her with a door while in possession of a firearm.
 {¶ 4} On May 23, 2002, Scott was originally indicted on a two-count indictment including count one, domestic violence, in violation of R.C. 2919.25, a felony of the fifth degree with a gun specification, and count-two, having a weapon while under disability, in violation of R.C. 2923.13, a felony of the fifth degree. On October 7, 2002, Scott pleaded guilty to domestic violence, deleting the one-year firearm specification, and to having a weapon while under disability.
 {¶ 5} On November 12, 2002, the lower court sentenced Scott to one year on count one and one year on count two, to be served consecutively to one another for a total of 24 months incarceration. It is from this sentence that Scott appeals. For the following reasons, the appellant's appeal is not well taken.
 {¶ 6} The appellant presents two assignments of error for this court's review.
 {¶ 7} "I. The Trial Court Erred By Imposing The Maximum Sentence For The Crimes Committed In Violation Of R.C. 2929.14 And R.C. 2929.19
For The Crimes Of Domestic Violence And Having A Weapon While Under Disability."
 {¶ 8} The appellant argues that the lower court failed to state the proper statutory language when imposing the maximum sentence. He further argues the court failed to support its sentence by clear and convincing evidence. Specifically, the appellant asserts the lower court failed to find he committed the worst forms of the offense, that he posed the greatest likelihood of committing future crimes or that any of the applicable factors under R.C. 2929.14(C) exist.
 {¶ 9} An appellate court may only reverse a sentence if it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); State v. Garcia
(1998), 126 Ohio App.3d 485. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 10} In this case, the maximum prison sentence could only be imposed if the appellant was among the offenders who committed the worst form of the offense or who posed the greatest likelihood for committing future crimes. R.C. 2929.14(C). When the lower court imposes the maximum prison term, it shall state on the record the reasons for imposing the maximum sentence. R.C. 2929.19(B). To impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121,State v. Beasley (June 11, 1998), Cuyahoga App. No. 72853. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. See Id., State v. Assad (June 11, 1998), Cuyahoga App. Nos. 72648, 72649,State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, State v.Fincher (Oct. 14, 1997), Franklin App. No. 97 APA03-352.
 {¶ 11} Additionally, R.C. 2929.19(B)(2) provides:
 {¶ 12} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 13} "(a) * * * if it imposes a prison term for a felony of the * * * fifth degree * * * its reasons for imposing the prison term based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in division (B)(1)(a) to (I) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
 {¶ 14} And further, R.C. 2929.19(B)(2)(e) provides:
 {¶ 15} "If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, [the court must give] its reasons for imposing the maximum prison term."
 {¶ 16} In light of the above standard, it is clear that the lower court fulfilled the statutory requirements in sentencing the appellant to the maximum sentence. Under R.C. 2929.14(B), the trial court is not required to make any findings for imposing a sentence greater than the minimum, even if the defendant has not previously served a prison term.State v. Berry (June 14, 2001), Cuyahoga App. No. 781887.
 {¶ 17} The lower court did address its reasons for departing from the minimum prison sentence and determining that the appellant was not amenable to available community control sanctions by stating on the record, "When the court considers whether or not to impose the minimum sentence, the court believes that imposing the minimum sentence in this case would demean the seriousness of the offense." Additionally, the lower court stated, "The court has to take the position in this case that will stop the defendant from causing further harm to the victim as well as continuing in his assaultive behavior * * *."
 {¶ 18} The lower court then addressed the findings and reasons for imposing the maximum sentence by stating, "You have every recidivism factor that is possible." The court additionally supported this finding with its reasons, including that the appellant was awaiting sentence in Cuyahoga Falls when he committed this offense and that the appellant had three prior convictions for domestic violence in municipal courts. The appellant had not responded favorably to community control sanctions in the past, as demonstrated by his two prior probation violations.
 {¶ 19} Finally, the lower court found the appellant showed no remorse for the offense and had a history of alcohol abuse, which relates to the instant offense.
 {¶ 20} The court also examined the seriousness factors, as outlined under R.C. 2929.12, finding that the appellant's relationship with the victim facilitated the instant offense, and all prior offenses were committed against that victim. The lower court further found the offense was committed with the use of a firearm and addressed the pertinent findings under R.C. 2929.13, guidance by degree of felony.
 {¶ 21} R.C. 2929.13(B)(1)and (2)(a) provides:
 {¶ 22} "* * * in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 23} "(a) In committing the offense, the offender caused physical harm to a person;
 {¶ 24} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon;
 {¶ 25} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 26} "* * *
 {¶ 27} "(h) The offender committed the offense while under a community control sanction, while on probation or while released from custody on a bond or person recognizance.
 {¶ 28} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds the offender is not amenable to available community control sanctions, the court shall impose a prison term upon the offender."
 {¶ 29} Specifically, the lower court stated its reasons to support the findings by stating:
 {¶ 30} "The court does find that the attempt to cause or make an actual threat of physical harm was with a weapon, and in this instance it was a gun, and that there was an attempt to cause or made [sic] an actual threat of physical harm to a person, and he has a prior conviction which caused physical harm to the person, and the court does find that there has been three priors, and that this was done with a weapon.
 {¶ 31} "The court further finds that the offense was committed while the offender was under probation or community control sanctions or was on his own personal recognizance, and the court will point to the case that I previously indicated, and that the offense was committed while offender was in possession of a firearm.
 {¶ 32} "Therefore, the court does find that the offender is not amenable to an available community control sanction * * *."
 {¶ 33} Clearly, the lower court was justified in imposing the maximum sentence on the appellant because the record is clear that the lower court recognized a presumption of the minimum sentence, but nevertheless believed that a minimum sentence would demean the serious nature of the appellant's crimes. Additionally, the appellant's extensive domestic violence record, likelihood of recidivism, and necessity to protect the public justified the maximum sentence.
 {¶ 34} Therefore, the lower court did not err in sentencing the appellant to the maximum sentence because the lower court clearly conformed to the statutory requirements. As such, the appellant's first assignment of error is not well taken.
 {¶ 35} "II. The Trial Court Erred By Imposing Consecutive Sentences In Violation Of R.C. 2929.14(E) And R.C. 2929.19(B)(2)(C)."
 {¶ 36} Specifically, appellant asserts the lower court failed to provide its reasons for imposing consecutive sentences. Furthermore, the appellant contends that consecutive sentences were disproportionate to the danger he poses to the public and are unnecessary to protect the public.
 {¶ 37} R.C. 2929.19(B)(2)(c) requires a court to make findings and give its reasons when imposing consecutive sentences. Moreover, R.C.2929.14(E)(4) provides the circumstances where consecutive sentences are proper:
 {¶ 38} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 39} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 40} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 41} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 42} R.C. 2929.11 sets forth the purpose of felony sentencing and enunciates the proportionality principle for sentencing:
 {¶ 43} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public or both.
 {¶ 44} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 45} Both statutory sections, R.C. 2929.14(E)(4) and R.C.2929.11(B), work together to achieve the General Assembly's intent of punishing the offender and protecting the public. State v. Bolton (Sept. 5, 2002), Cuyahoga App. No. 80263. However, a distinction exists between the two statutes.
 {¶ 46} This court in Bolton stated, "While R.C. 2929.14(E)(4) demands the trial court make findings on the record to evidence the proportionality of consecutive sentences, R.C. 2929.11 entails no such burden. The reason for this disparity is clear from Senate Bill 2's construction. As we previously noted, R.C. 2929.11 sets forth Ohio's purposes and principles of felony sentencing, which are to be implemented by sentencing courts via application of sections such as R.C.2929.14(E)(4). R.C. 2929.11 does not require findings; rather it sets forth objectives for sentencing courts to achieve." Id. at 8.
 {¶ 47} Upon reviewing the record, this court finds the lower court did recite verbatim the findings under R.C. 2929.14(E)(4)(b): "The court does so because the harm caused by the multiple offenses continues and is so unusual that no prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct * * *."
 {¶ 48} The lower court stated, "Consecutive sentences are necessary to protect the victim from future crimes by the offender." The lower court did not use all the magic words under R.C. 2929.114(E)(4), and it did not recite verbatim the findings under the statute that the sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. However, this court, in State v. Franklin, previously held, "[W]hile the court did not expressly describe the consecutive sentences, as terms necessary and not disproportionate to describe the consecutive sentences, the tenor of its comments, its findings, and the evidence are sufficient to impose such a sentence." (May 10, 2001) Cuyahoga App. No. 77385.
 {¶ 49} The reasons for the findings under the proportionality analysis were addressed by the lower court stating, "I guess when you consider remorse, four convictions for domestic violence * * * If you do it the first time and you get probation, that is because you have remorse or there is some opportunity for you to be rehabilitated. * * * You do it the second time, maybe this person needs some counseling. You do it a third time, * * * and you're saying, the heck with you. * * * If you do it a fourth time, then I think that you really are saying `You all can't stop me. I'm going to eventually kill this person.'"
 {¶ 50} In light of the above, it is clear that the lower court followed the requirements for consecutive sentences under both R.C.2929.19(B)(2)(c) and R.C. 2929.14(E)(4), and the sentence conformed to the purposes and policies of the sentencing provisions under 2929.11. As such, the appellant's second assignment of error is not well taken.
Judgment affirmed.
ANN DYKE, P.J., and ANTHONY O. CALABRESE, JR., J., concur.