OPINION
{¶ 1} Defendant-appellant James C. Adams appeals from his conviction and sentence in the Delaware County Court of Common Pleas and from the Court's classification of appellant as a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted in January, 2003, on one count of gross sexual imposition, one count of unlawful sexual conduct with a minor, one count of rape, and one count of sexual battery. The charges arose from appellant's admitted sexual intercourse with a 14 year old victim at appellant's residence. The Bill of Information stated that the ability of the minor victim to resist or consent was substantially impaired because of a mental or physical condition and appellant knew or had reasonable cause to believe that the ability to resist or consent of the victim was substantially impaired because of a mental or physical condition. Subsequently, appellant pled guilty to one count of unlawful sexual conduct with a minor and one count of gross sexual imposition. The remaining counts were dismissed.
 {¶ 3} A sexual offender hearing was held on May 15, 2003. At that hearing, the child victim's mother testified that the child was in counseling. In addition, an investigating Detective testified. The detective testified that he interviewed appellant and that appellant had freely admitted that appellant had sexual intercourse with the victim in appellant's home when the victim was 14 years of age. In addition, the detective testified that he had conducted a search of appellant's home, with appellant's consent, and obtained three computers, video tapes and miscellaneous photos. The computers were sent for a computer forensic analysis. Upon completion of the forensic analysis the Detective received two CD Roms and a written report. That evidence was not permitted to be introduced into evidence but was proffered by the State. The State also proffered that there were numerous movie files found which contained children of various ages engaged in sexual activity with adults or other children.
 {¶ 4} Evidence showed that appellant had prior convictions. Appellant had been convicted of gross sexual imposition in 1985 and was sentenced to two years in prison. In 1992, appellant was also convicted of gross sexual imposition and sentenced to two years in prison. In addition, appellant had been convicted of assault on a 32-month old boy in 1991.
 {¶ 5} At the conclusion of the hearing, appellant was classified as a sexual predator. A sentencing hearing was conducted immediately thereafter.
 {¶ 6} Appellant was sentenced to the maximum sentence of five years on the count of unlawful sexual conduct with a minor and the maximum sentence of 18 months on the gross sexual imposition count. The trial court ordered that the sentences be served concurrently. Corresponding Judgment Entries were filed on May 16, 2003.
 {¶ 7} Thus, it is from his conviction and sentence and the classification of appellant as a sexual predator that appellant appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred by sentencing the appellant to the maximum prison term on both counts.
 {¶ 9} "II. The trial court's determination that the appellant should be classified as a sexual predator pursuant to O.R.C. Section 2950 et. seq. is against the manifest weight of the evidence presented by the state of ohio at the sexual classification hearing."
 I {¶ 10} In the first assignment of error, appellant contends that the trial court erred when it sentenced appellant to maximum prison terms on both counts. We disagree.
 {¶ 11} Revised Code 2953.08 governs an appeal of a sentence for a felony. Subsection G(2) of that statute states as follows: "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 12} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 13} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 14} "(b) That the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).
 {¶ 15} Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998),126 Ohio App.3d 485, 487, 710 N.E.2d 783.
 {¶ 16} Revised Code 2929.14, which governs the imposition of a maximum prison term, reads in relevant part: "(C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense . . . upon offenders who pose the greatest likelihood of committing future crimes, . . . ." In addition, when imposing a maximum sentence, the trial court also must provide its reasons. R.C. 2929.19(B)(2)(d).
 {¶ 17} The trial court imposed a maximum sentence based upon a finding that appellant posed the greatest likelihood of committing future crimes. Revised Code 2929.12(D) and (E) provide factors that concern recidivism:
 {¶ 18} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 19} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 20} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 21} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 22} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 23} "(5) The offender shows no genuine remorse for the offense.
 {¶ 24} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 25} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 26} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 27} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 28} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 29} "(5) The offender shows genuine remorse for the offense.
 {¶ 30} At the sentencing hearing, the trial court addressed appellant, as follows:
 {¶ 31} "Now, I didn't consider these [computer] disks in the print-out on your sexual classification hearing, but I can do it here for the sentencing here today. You know, it just points to what I've been telling you. You might have head knowledge about what is wrong, but at the same time, you can't prevent yourself from doing it and you follow through and not only do you satisfy your desires on the computer, but then you are following through and abusing young children.
 {¶ 32} "In any event, in weighing the factors here, on recidivism factors, you do have your history of criminal convictions, which I related partially during the sexual classification hearing and you failed to respond favorably to those sanctions imposed for those criminal convictions and, of course, the report from Dr. Khellaf, all indicated that recidivism is likely, in addition to the computer printout.
 {¶ 33} "On the other side of the coin, of course, you have been law abiding for a significant number of years, and your last offense was nine years ago, I think, '94 — '91. So, from now, from this point 13 years ago. I do believe you show genuine remorse; you have been employed. Those are things that indicate recidivism is unlikely, but the court would find that the recidivism factors certainly outweigh those indicating that recidivism is unlikely. On the serious side, of course, the injury to the victim was worse because of her mental condition, her age. She suffered, certainly, psychological harm, whether it's serious or not, it's psychological harm. I'm not sure I'm able to make that finding based upon what I've heard today and what's in the presentence report. But with a girl that age, I think it's fair to say that she suffered serious psychological harm. You held a position of trust with her in that she was at your house, you were a friend of her mothers. Obviously, they placed their trust in you to watch out after them, or her and you betrayed that trust. Your relation with her, of course, facilitated the offense. You acknowledge that you were her stepfather; you acted as her stepfather and that sense of betrayal almost hurts as much as physical.
 {¶ 34} "On the less serious side I find no factors. Under 2929.13(B), the court would find, of course, that the physical harm caused to the young gal; you have a prior conviction that caused physical harm; you had a position of trust; it was a sex offense; you had previously served a prison term. I think all that certainly points to the fact you are not ameniable to community control and, therefore, I'm going to sentence you on the 066 case to 18 months in prison and on the 035 case, five years in prison. Those are to be served concurrently to one another, and the court would make that finding, the maximum sentence, that you pose the greatest likelihood of recidivism; . . ." Transcript of Proceedings, pgs. 23-26.
 {¶ 35} Appellant contends that the trial court erred when it considered information from appellant's computer because that evidence was not in the record and had been excluded from the sexual predator hearing. First, we note that the evidence was proffered but not admitted at the sexual predator hearing because the evidence was not provided to defense counsel until the morning of the hearing. This does not bar the trial court's use of the material at sentencing. The trial court was aware of the evidence from the prior hearing and was free to consider it at sentencing.
 {¶ 36} Appellant also argues that the trial court failed to list any factors that led the trial court to conclude that appellant posed the greatest likelihood of recidivism and the imposition of maximum sentences was undercut by factors that favored a lesser sentence. We find that the trial court considered the factors that weighed both toward the likelihood of recidivism and against the likelihood of recidivism and found that the appellant posed the greatest likelihood of recidivism. See R.C. 2929.12(D)(2),(3). Upon review, we find that the trial court made an appropriate finding and stated its reasons for imposing a maximum sentence. The trial court made the appropriate findings and stated its reasons for a maximum sentence. Those findings and reasons are supported by the record.
 {¶ 37} Lastly, appellant alleges that the trial court found physical and psychological harm even though the record does not support those findings.[1] In light of the facts before the trial court, even if the trial court's findings of physical and psychological were not supported by the record, it would not affect our decision. See State v.Andrukat, 2003-Ohio-2643. Appellant admitted having sexual intercourse with a 14-year old who was, essentially his step-daughter. Appellant has two prior convictions for gross sexual imposition against minors[2] and a conviction for assault against a child. Appellant's computer contained multiple examples of child pornography and a psychological evaluation showed that recidivism was likely. Upon review, we do not find clearly and convincingly that the imposition of a maximum sentence upon appellant was not supported by the record nor do we find that said sentence was contrary to law. See R.C. 2953.08(G)(2), supra.
 {¶ 38} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 39} In the second assignment of error, appellant asserts that the trial court's determination that he be classified as a sexual predator was against the manifest weight of the evidence. We disagree.
 {¶ 40} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. MorrisCo. v. Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 41} Revised Code 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Revised Code 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 42} "(3) In making a determination . . . as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 43} "(a) The offender's or delinquent child's age;
 {¶ 44} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 45} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 46} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 47} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 48} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 49} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 50} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 51} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 52} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 53} The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."Garcia, 126 Ohio App.3d at 487.
 {¶ 54} The trial court stated the following at the hearing:
 {¶ 55} "The court would find that Mr. Adams is 40 years old; he has a previous conviction, 1985 for gross sexual imposition and sexual contact with Amy L. Curtis, age nine, on numerous occasions. The contact included him touching the victim's vagina and having her touch his penis. He was convicted of assault in 1991. The offense involved the offender administering corporal punishment to a 32-month old boy, using a belt on his back side, which left bruises visible [3] days later. In 1991, the defendant was convicted of gross sexual imposition with Laura Hawk, age four, fondling her vagina, penetrating her, forced her to perform fallatio on him. He's been convicted, of course, in these two cases of unlawful sexual conduct with a minor, gross sexual imposition involving one incident, involving a 14 year old girl — 13 at the time of the offense. And that involved having sexual intercourse with her. The defendant did state that he never meant to hurt her.
 {¶ 56} "The defendant did not use drugs or alcohol to impair the victim, although it's my understanding the victim was mentally challenged, I guess is the way I should put it. The defendant did comply with prior sentences, which involved prison. He was last released March '93 on the '91 case. So there was about seven, eight, nine years between the conviction in that case and the instant offense.
 {¶ 57} "It's unknown whether he participated in any programs of sexual offenders. He's not under any mental disability or mental illness. The report from Dr. Khellaf, PhD., stated with a reasonable degree of scientific certainty that Mr. Adams is not mentally retarded; does not suffer from mental illness that [sic] meets the criteria for the diagnosis of pedophilia.[3] It's also the opinion that at the risk of re-engaging in similar type of sexually oriented offenses is moderately high and should he be placed in a similar type of situation again, there's a substantial likelihood that he would re-offend.
 {¶ 58} "By Mr. Adams' own admissions to the detective, Detective Brandt and also Dr. Khellaf would indicate that he recognizes that he does have a problem with pedophilia. Based on those findings, the court would find Mr. Adams is a sexual predator." Transcript of Proceedings, pgs. 14-16.
 {¶ 59} Appellant had two prior sexual offense convictions and admitted to a problem with sexually abusing children. In addition, appellant had a prior conviction for assault upon a small child. The victim in this case was 14 years of age at the time of the offense, (26 years younger than appellant) and was, essentially, appellant's stepdaughter. A psychological evaluation indicated a moderately high risk of recidivism. The evaluation showed a substantial likelihood to reoffend if appellant was placed in a similar situation and stated that appellant met the criteria for a diagnosis of pedophilia.
 {¶ 60} Upon review of the record, we find the trial court did consider the factors enumerated in R.C. 2950.09(B)(3), and its conclusion to classify appellant as a sexual predator is supported by competent, credible evidence. Thus, the classification of appellant as a sexual predator is not against the manifest weight of the evidence.
 {¶ 61} Appellant's second assignment of error is overruled.
 {¶ 62} The judgment of the Delaware County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Wise, J. concur.
[1] We note that the trial court acknowledged that the record might not support a finding of psychological harm but felt it was likely that the young victim did suffer serious psychological harm due to the circumstances of appellant's conduct.
[2] One victim was 9 years of age. The other victim was 4 years of age.
[3] Dr. Khellaf's report states that appellant "does not suffer from a serious mental illness but he meets the criteria for the diagnosis of pedophilia."