OPINION JUDGMENT ENTRY
{¶ 1} Appellant Alexander McLeod appeals the decision of the Fairfield County Court of Common Pleas, Juvenile Division, that found him to be a sexual predator. The following facts give rise to this appeal.
 {¶ 2} On April 17, 2003, a complaint was filed alleging appellant was a delinquent child for committing the offense of rape. Appellant initially entered a plea of denial to the charge. However, on October 17, 2003, appellant appeared before the trial court and requested permission to withdraw his denial and enter an admission to the charge of rape. Following an exchange with appellant, the trial court accepted the change of plea and adjudicated appellant delinquent.
 {¶ 3} The trial court conducted a dispositional and classification hearing on December 3, 2003. The trial court ordered appellant committed to the Department of Youth Services for an indeterminant period of not less than three years and not to exceed his twenty-first birthday. The trial court also conducted a classification hearing and found appellant to be a sexual predator.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. The trial court committed harmful error in classifying the defendant-appellant as a sexual predator following the adjudication of the child as delinquent for committing a sexually oriented offense."
 I {¶ 6} In his sole assignment of error, appellant claims the trial court erred when it classified him as a sexual predator. We disagree.
 {¶ 7} Appellant does not challenge the trial court's finding that he is a sexual predator. Instead, appellant challenges the procedure used by the trial court to reach its conclusion that he should be classified as a sexual predator. Specifically, appellant maintains the trial court failed to consider the factors required by statute and failed to support its findings with reasons stated, on the record, during the hearing. Appellant also contends the trial court failed to identify the factors it considered in reaching its conclusion, failed to make a specific finding that appellant was likely to re-offend and failed to identify any of the underlying facts which resulted in its decision to classify him as a sexual predator.
 {¶ 8} In support of his argument, appellant cites the Ohio Supreme Court's decision in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. The Comer decision held that "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at paragraph one of the syllabus. Appellant argues the requirements of Comer, i.e. statutorily enumerated findings and reasons supporting those findings, should also be applied to classification hearings.
 {¶ 9} We disagree with appellant's argument on the basis that neither the sexual predator statute nor case law imposes the requirements set forth, in Comer, to classification hearings. Revised Code § 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 10} "(3) In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 11} "(a) The offender's or delinquent child's age;
 {¶ 12} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 15} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 18} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 21} The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. §2950.09(C)(2)(b). Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."State v. Garcia (1998), 126 Ohio App.3d 485, 487.
 {¶ 22} In the case sub judice, at the classification hearing, the probation officer reviewed each statutory factor. Tr. Hrng. Dec. 3, 2003, at 22-29. Also, the trial court's judgment entry contains six findings specifically related to the statutory factors which it found to be relevant in its determination to classify appellant as a sexual predator. Judgment Entry, Dec. 3, 2003, at 1. Further, pursuant to R.C. 2950.09(B)(4), the trial court specified, in the dispositional order, that appellant is a sexual predator and that such finding was made pursuant to R.C.2950.09(B). The record further indicates the trial court complied with the requirements of R.C. 2152.82(B)(1)-(4).
 {¶ 23} Accordingly, we conclude the trial court did not commit harmful error as it complied with the statutory requirements when it classified appellant as a sexual predator. Further, we decline to impose the requirements of Comer, to a classification hearing, as Comer specifically addressed the issue of consecutive sentences.
 {¶ 24} Appellant's sole assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, is affirmed.
Costs assessed to Appellant.